# CHARLESTON.

HARRISON v. HARMAN et als.

Submitted March 14, 1917.   Decided March 27, 1917.

1. APPEAL AND ERROR — Decree Sustaining Demurrer — Reversal — Effect.

The reversal, on appeal, of a decree sustaining a demurrer to a bill of review to correct errors of record and dismissing the bill on the ground that it had not been filed within time, is an adjudication of the sufficiency of the averments, and entitles the plaintiff therein to relief, if the matters alleged are supported by the record. (p. 70).

2. EQUITY—Bill. of Review—Defense—Matters Dehors the Record.

Matters dehors the record can not be set up as a defense to a bill to review errors appearing on the record. Such errors are determinable by the record alone, and if they are such as would call for a reversal of the decrees complained of, on appeal, they likewise warrant a reversal on bill of review by the court that committed the errors. (p. 70).

3. SAME—Bill of Review—Harmless Error—Decree Pro Confesso.

To decree relief against an infant on a bill, taken for confessed and without proof, is prejudicial error for which the decree should be reversed on bill of review. (p. 72).

4. SAME—Erroneous Decree—Title of Purchaser—Statute.

The title of a purchaser of land, sold and confirmed to him by erroneous decrees, who is a party to the suit and has induced the errors, fails on a reversal of the decree. His title is not protected by sec. 8, ch. 132, Code. (p. 73).

(RITZ, JUDGE, absent).

Appeal from Circuit Court, McDowell County.

Bill of review by Hattie Harrison against George W. Harman and W. F. Harman and others. Decree for plaintiff, and defendants George W. Harman and W. F. Harman appeal.

Affirmed, and cause remanded.

J. W. Chapman and S. M. B. Coulling, for appellants.

J. Powell Royall, Litz & Harman, A. G. Fox and Sanders & Crockett, for appellee.

WILLIAMS, JUDGE:

George W. Harman and W. F. Harman have appealed from a decree pronounced on the 13th of March, 1916, in this cause, which is a bill of review filed by Hattie Harrison, now Mrs. Hattie Harrison Stone, one of the heirs at law of Henry Harrison, deceased, praying to have reviewed and reversed, for errors apparent on the record, certain decrees made in the chancery cause of D. G. Sayers and G. W. Harman against the administrator and heirs at law of said Henry Harrison, deceased, by which a portion of the lands of which Henry Harrison died seized, then in the hands of certain ones of his heirs, were sold to satisfy a debt alleged by said Sayers and G. W. Harman to be due them from the estate. All of the decrees entered in that cause were set aside and annulled by the decree appealed from in so far as they affected the interest of this plaintiff, her interest being a one undivided sixth of the lands sold. This is the second appeal in the review proceedings. The first was taken by plaintiff from a decree entered on the 11th of February, 1913, sustaining a demurrer to her bill and a motion to dismiss her suit on the alleged ground that she had not brought it in time. That appeal resulted in a reversal of the decree and a remanding of the cause for further proceedings with leave to defendants to answer. 76 W. Va. 412. That decision was an adjudication that the averments of plaintiff's bill showed errors in the decrees complained of, entitling her to have them reviewed and corrected, and that she was not barred by the statute of limitations. All the parties to the original suit are made parties to the bill of review.

Henry Harrison died intestate leaving twelve children as his only heirs at law. Six of them had aliened their interests in the inherited lands before the original suit was brought and the court decreed a sale of the remaining six-twelfths belonging to those heirs who had not disposed of their interests. The interest of plaintiff only is here involved. At the time the land was sold she was an infant of tender years, and she filed her bill of review within three years after she attained her majority. George W. Harman,

one of the plaintiffs in the original suit, purchased the land at the judicial sale, and is still the owner of two undivided sixths of the land sold, or two-twelfths of the whole.

After the case was remanded, George W. Harman and W. F. Harman, who had purchased from him an interest in the land, answered averring matters as a defense which do not appear in the original record. On a bill of review, for errors apparent on the record, the court can look only to the pleadings and decrees entered in the original suit in order to ascertain whether there is error. Matters dehors the record are no defense to such a bill. Not even the depositions, if any had been filed in the original cause, could be considered, for that would be for the purpose of determining whether the chancellor had erred in his finding of a fact, not that he had erred as to a question of law, and an error of that kind is correctible only by appeal. 1 Barton's Chan. Prac., (2nd ed.), 356; *Wethered* v. *Elliott,* 45 W. Va. 436; *Dunfee* v. *Childs,* 59 W. Va. 225; and *Dunn's Exrs.* v. *Renick,* 40 W. Va. 349. In the case last cited the law is laid down in point 9 of the syllabus as follows: "On a bill of review for error of law, that error must be collected from the pleadings and exhibits filed with the pleadings and orders and decrees, and must be made out on facts admitted in the pleadings, or stated in the decree as facts found. The depositions can not be looked to. An error of the court in reaching a wrong conclusion as to facts upon the evidence is not correctible by bill of review, but by appeal." A bill of review for errors of record is analogous to an appeal, and the questions presented must be determined by the record, as if on appeal. Although not technically an appeal, it is in fact an application to the court that committed the errors to review its record and correct them, and all questions are determinable by the record and it can not be aided by matters dehors. The former appeal adjudicated that plaintiff had filed her bill within the time prescribed by law and that it presented a case entitling her to relief. Those questions can not be reopened. It may be that defendants are entitled to show, if they can, that plaintiff is estopped to claim the land against them, if she has done

anything since attaining her majority which would amount to an estoppel. But that question can not arise on this review. It can only properly arise after the errors have been corrected, the original cause reopened and the plaintiffs therein have renewed their application to have her share in the land resold for its proportion of their debt, if they should elect to do so. [1] The mere fact that she did not bring her suit until two years and eight or ten months after she arrived at age had elapsed, is not sufficient to estop her. She was allowed three years in which to sue by the statute then in force, and her mere inaction for the statutory period could not be interpreted as an abandonment of her right.

It is contended by counsel for plaintiff that the averments in the original bill are not sufficient to show that plaintiffs therein had a right to subject the lands of Henry Harrison, deceased, to the payment of their claim, that they were not creditors and had no right to maintain the suit and, consequently, the decrees complained of in the bill of review are not simply erroneous, but absolutely void for want of jurisdiction, citing *Hull* v. *Hull*, 26 W. Va. 1, and *Hoback* v. *Miller*, 44 W. Va. 635. We do not accede to this proposition. Their bill averred that Harman, Harrison and Sayers were jointly liable for the breach of a joint covenant of warranty of title to land which they owned jointly and jointly conveyed to Henry Bowen and others, with covenants of general warranty of title, and that the land was thereafter recovered from their vendees by suit in the federal court, by the Burkhart heirs, by virtue of a superior title, and vouched the record of that proceeding. The bill further averred that they, (D. G. Sayers and G. W. Harman), settled that joint liability for the breach of warranty by executing to their said vendees their bond ''for said amount with security which was approved by the parties.'' The date and amount of the bond is also alleged. We think these averments showed a novation of the joint liability and, as between the vendees and Harrison's estate, was a discharge of liability. Prior to that adjustment the claim was one for unliquidated damages. It was then determined and settled and a bond for a certain sum of money, with satisfactory security, was accepted in satisfac-

tion of the mere right of action on the covenant. Although the bill does not expressly aver that the bond was given in lieu of the mere right of action, still such is the legitimate inference from the facts averred. A suit was then pending against the two surviving warrantors for the breach, and the bond was given to satisfy that liability. The bill also avers that, by reason of the execution of the bond, plaintiffs had a right of action against the estate of Henry Harrison, deceased, to recover one-third of the amount thereof. These averments are sufficient to show the relation of debtor and creditor, and to entitle Harman and Sayers to contribution from Harrison's estate for one third of the amount, provided it was no more than the amount of liability resting on the Henry Harrison estate. But it is insisted the bill is fatally bad because it did not aver payment of this note. Being a novation, it discharged Harrison's estate from liability on the covenant of warranty, and gave plaintiffs a right to demand contribution from the estate of their joint covenantor, whether the note was paid or not. Payment of the bond could be a matter of no concern to the administrator or heirs of Harrison, when the estate was no longer liable on the covenant of warranty. After accepting the bond, with security, the only remedy the vendees then had was an action on the bond. The bill also averred that there were not sufficient personal assets of the estate in the hands of the administrator with which to pay their claim. These averments sufficiently showed jurisdiction in the court to grant the relief, and the decrees were not void. Plaintiffs were creditors of Henry Harrison's estate and had a right to maintain their suit.

But the error, justifying a reversal of the decrees, was committed by taking the averments of the bill *pro confesso* against Hattie Harrison who was then an infant. No proof was taken to establish those averments. Henry Harrison was a resident of Virginia at the time of his death and, at the time the original suit was brought, most of his heirs, including this plaintiff, resided in that state, and were proceeded against by order of publication. Although Hattie Harrison answered by guardian ad litem, that did not relieve plaintiffs

from the necessity of proving their claim as to her. No evidence whatever was taken to prove the amount of the liability on the Harrison estate, or that one-third of the amount for which the bond was given was a just proportion thereof chargeable against Harrison's estate. The court simply ascertained, on bill taken for confessed, the amount for which the estate was liable, and decreed a sale of the lands then remaining in the hands of six of the heirs, including Hattie Harrison, to satisfy the same, and also gave a money decree against the administrator, payable out of any assets of the estate, and then referred the cause to a commissioner to ascertain what lands belonged to the estate and the liens, if any, thereon. The commissioner's report, showing there were no other liens, was confirmed, and the land was decreed to be sold to satisfy plaintiffs' claim. It is reversible error to decree against an infant upon a bill taken *pro confesso.* Sec. 36, ch. 125, Code, authorizing averments of the bill to be taken for confessed if they are not denied by answer, is held not to apply to infants, for the reason that they are not competent to make admissions, nor are their guardians ad litem permitted to bind them by admissions in the pleadings. So that, so far as averments in a bill relate to the rights of an infant defendant, they must be proven in the same manner as if they had been made against an adult and had been denied by answer. *Laidley* v. *Kline, Admx.,* 8 W. Va. 218; *Crotty* v. *Eagle's Admr.,* 35 W. Va. 143; and *Glade Coal Mining Co.* v. *Harris,* 65 W. Va. 152. In *Childers* v. *Milan,* 68 W. Va. 503, we held: "Admissions in answers of adult defendants cannot bind infant defendants in the cause. A decree against the rights of infants standing only on these admissions must be reversed." It was held in *Mills* v. *Dennis,* 3 Johns. Chy., (N. Y.), 367: "There can be no valid decree against an infant, by default, nor on his answer by his guardian; but the plaintiff must prove his demand in court, or before a Master, and the infant will have a day in court, after he comes of age, to show error in the decree."

The error being one for which this court would reverse upon appeal, if one had been taken within time, and being an error appearing on the face of the record, the court that

committed the error could correct it on bill of review. George W. Harman, one of the plaintiffs to the original bill, purchased the land, and the sale was confirmed to him. Sec. 8, ch. 132, Code, therefore, does not protect his title. It fails on reversal of the decrees complained of in the bill of review. That section does not protect the title of a purchaser who is a party to the suit and has been the moving cause of the error.

As previously remarked Harman has conveyed two undivided thirds of the land which he purchased, but he is still the owner of the other third, or two-sixth, as to one-half of which, on reversal of the decrees in the original suit, by the decree appealed from, his title fails. That decree also sets aside the deed made by W. H. Stokes, special commissioner, only in so far as it purports to convey the title of Hattie Harrison. As there had been no partition of the land among the heirs, her one-sixth can be restored out of the two sixths now claimed by G. W. Harman. But the reversal of these decrees does not necessarily restore to Hattie Harrison her interest in the land unencumbered by plaintiffs' debt. Her interest is still liable for its proportion of the debt, when properly proven. It is still an asset in her hands as an heir of Henry Harrison, deceased, liable for its ratable share of Sayers and Harman's claim for contribution from the estate of their co-warrantor.

Although the decree appealed from settled the principles of the cause and is, therefore, appealable, the cause was continued on the docket for the determination of matters that may yet properly arise. Those matters are averred in appellants' answer to the crossbill, but can not now be considered. G. W. Harman is entitled to be reimbursed the money expended in perfecting and protecting appellee's title. His redemption of the land from forfeiture enured to her benefit as well as his own, and he is entitled to an accounting.

The decree appealed from will be affirmed and the cause remanded for further proceedings.

*Affirmed, and cause remanded.*