# CHARLESTON.

HATTIE HARRISON v. GEORGE W. HARMAN *et al.*
POCAHONTAS COAL AND COKE CO. v. J. S. GILLESPIE *et al.*
POCAHONTAS COAL AND COKE CO. v. W. F. HARMAN *et al.*

Submitted February 3, 1920.    Decided February 10, 1920.

1. CHAMPERTY AND MAINTENANCE.—*Strangers Cannot Take Advantage of Contract.*

   Strangers to a champertous contract cannot take advantage of it; only a party to it can do so. (p. 541).

2. APPEAL AND ERROR—*Final Decree Will be Reversed When Prematurely Entered and Cause Remanded for Further Proceedings.*

   Where several causes materially affecting the same subject matter have been consolidated and heard together and it appears that several issues are therein raised, some between the plaintiff and a number of the defendants and others between co-defendants, all affecting plaintiff's rights, which have not been fully developed, and it is apparent that evidence exists to establish such issues, and the court enters a final decree for plaintiff without passing on many of such issues, except inferentially, this court will not review the decree upon its merits but will reverse it solely because prematurely entered and remand the causes for further proceedings. (p. 543).

(RITZ, JUDGE, absent.)

Appeal from Circuit Court, Mercer County.

Suit by Hattie Harrison against George W. Harman, W. F. Harman, the Virginia-Pocahontas Coal Company, the Carter Coal Company, and R. E. Wood Lumber Company, consolidated with suit by the Pocahontas Coal & Coke Company against J. S. Gillespie and others, and suit by the Pocahontas Coal & Coke Company against W. F. Harman and others. Causes heard together, and from the decree George W. Harman, W. F. Harman, the Virginia-Pocahontas Coal Company, the Carter Coal Company, and the R. E. Wood Lumber Company appeal.

*Reversed and remanded.*

*Strother, Taylor & Taylor* and *Anderson, Strother. Hughes &
Curd,* for appellant R. E. Wood Lumber Co.

*J. W .Chapman, W. B. Kegley* and *S. M. B. Cowling,* for ap-
pellants George W. Harman and others.

*A. G. Fox, J. Powell Royall, M. O. Litz* and *Sanders & Crock-
ett,* for appellee.

WILLIAMS, PRESIDENT:

The three above styled causes, having been previously consol-
idated by order of the court, were heard together on June 15,
1918, and the decree therein rendered, from which this appeal
was taken by George W. Harman, W. F. Harman, Virginia-
Pocahontas Coal Co., the Carter Coal Co., and the R. E. Wood
Lumber Co. The first of said suits was reviewed by this court
twice before, reported first in 76 W. Va. 412 and the second time
in 80 W. Va. 68. It was brought by Hattie Harrison, one of
the twelve children of Henry Harrison, deceased, to have re-
viewed the proceedings in a suit brought by George W. Harman
and D. G. Sayers against the administrator and heirs at law of
said Henry Harrison, deceased, and to have set aside, reversed
and annulled, in so far as they affected the title of plaintiff, as
one of the heirs of Henry Harrison, to certain lands which had
been therein sold and purchased by George W. Harman and
later confirmed and conveyed to him by W. H. Stokes, special
commissioner of court; pursuant to its order. The prayer of
plaintiff's bill was granted, and the decrees complained of and
the conveyance to said W. F. Harman were set aside so far as
they affected her 1-12 undivided interest in the lands which had
been so sold. This decree was rendered on the 13th of March,
1916. On appeal taken by George W. and W. F. Harman, the
decree was affirmed and the cause remanded. Plaintiff then
filed an amended and supplemental bill, making the Virginia-
Pocahontas Coal Co., the Carter Coal Co. and R. E. Wood
Lumber Co. parties defendant and prayed for a partition of the
land described in her original bill and also in the bill and pro-
ceedings in the second of the above mentioned causes. That was
likewise a partition suit which was brought in the meantime
by the Pocahontas Coal and Coke Co., a corporation, as plain-
tiff, against W. F. and George W. Harman, and apparently all

other persons, including Hattie Harrison, claiming title to the lands and to undivided interests therein. The Virginia-Pocahontas Coal Co. filed its answer to that bill, exhibiting a copy of a coal mining lease, executed to it by George W..and W. F. Harman and their respective wives, covering all the interest of the aforesaid Harmans in the land, including the undivided interest claimed by Hattie Harrison. George W. Harman also answered that bill and admitted making the aforesaid coal lease, and said George W. Harman and W. F. Harman, in their joint and separate answers filed to the amended and supplemental bill of Hattie Harrison, likewise admit it, and aver that it included all the coal and mining rights and privileges in all of the six undivided twelfths of the heirs of Henry Harrison, deceased, which had been conveyed to said George W. Harman by special commissioner W. H. Stokes, which includes the interest claimed by Hattie Harrison. George W. Harman further avers that at the time he purchased the aforesaid interests the title thereto was forfeited to the state; that said lands were proceeded against as forfeited, and in said proceedings he was adjudged to be the former owner of the six undivided twelfths, was permitted to redeem and did redeem the same. He also avers that, in acquiring the aforesaid lease, the Virginia-Pocahontas Coal Co. dealt with him and W. F. Harman in good faith; that said company, sometime after February 11, 1913, transferred its rights under said lease to the Carter Coal Co.

Respondents, the said Harmans, also admit a sale of the timber of certain dimensions on the aforesaid undivided 6-12 interest in the Henry Harrison land, but they insist that the time for the removal thereof has expired and that, under the terms of the contract of sale, there is a reversion of title to the timber to them. But the R. E. Wood Lumber Co. also filed its answer, denying the alleged forfeiture, and setting up, as an excuse for not cutting and removing the timber within the time stipulated, the failure and refusal of the Harmans to have the land partitioned among the joint owners thereof, the timber purchased by it being upon certain undivided interests in the land. This issue, raised by the pleadings between the co-defendants, has not been decided between them, nor has it been directly decided as between the R. E. Wood Lumber Co. and the plaintiff.

In their answer the Harmans also set up a contract between Hattie Stone (nee Harrison) and her husband of the one part and J. Powell Royall, M. O. Litz and A. Z. Litz of the other part, from which it appears that said A. Z. Litz, who is not an attorney-at-law, agreed to pay the costs of appealing and prosecuting plaintiff's suit in consideration for an interest in the plaintiff's claim, in the event she should succeed in the suit, and that plaintiff bound herself not to settle or adjust her claim except by and with the consent of said A. Z. Litz and her counsel. They insist that this contract is champertous and is cause for dismissal of her suit. But, admitting that the contract is champertous, the Harmans are not parties to it, and the law seems to be settled in this state at least that only the parties to such a contract can take advantage of it. *Davis* v. *Settle,* 43 W. Va. 19, and page 41; 1 Wharton on Contracts, p. 594, section 429; 11 Corpus Juris, p. 278, section·123; 5 R. C. L. p. 284.· They aver that, after the conveyance by W. H. Stokes, special commissioner, to George W. Harman, they had to make large expenditures of money in payment of taxes and redeeming the land from forfeiture, and for costs of the proceedings in the two causes of *State of West Virginia* v. *D. G. Sayers* and *Grace Van Winkle et als.* v. *D. G. Sayers et als.,* and in acquiring the outstanding title of the said Grace I. Van Winkle et als., and that in the event plaintiff should be held to be entitled to her claim for 1-12 undivided interest, free from the claims of the Carter Coal Co. and the R. E. Wood Lumber Co., that respondents are entitled to be repaid the aforesaid outlays of money spent in redeeming the land and perfecting the title thereto. This matter has not been determined by the lower court.

The coal mining lease bears date 14th January, 1913, and was acknowledged by the Harmans and their respective wives on the same day and by the Virginia-Pocahontas Coal Co., by its president George L. Carter, on the 25th day of January, 1913, but does not appear to have been recorded. The Virginia-Pocahontas Coal Co. admits, as alleged in the answer of the Harmans, that it assigned said lease to the Carter Coal Co., subject to the approval of the Harmans.

The Virginia-Pocahontas Coal Co. and the Carter Coal Co. also filed joint and separate answers to Hattie Harrison's amend-

ed and supplemental bill, in which they allege that all of her interest in the aforementioned coal lease was assigned to the Carter Coal Co. on the 4th day of October, 1913, and the assignment exhibited with their answer bears that date. It will be remembered that plaintiff's bill of review was dismissed on demurrer on the 11th of February, 1913, and that she did not take an appeal from that decree until the 4th day of November, 1913, hence the question, whether or not the Carter Coal Co. was a pendente lite purchaser, is presented, a question not directly passed on by the lower court.

After these answers were filed, plaintiff filed her second amended and supplemental bill, in which she averred that she had no knowledge of the fact or time when the aforesaid coal lease was assigned, that neither the lease nor the transfer of it had been placed upon the public records of McDowell County, nor did she admit that it was assigned at the time stated in the alleged assignment, and called for strict proof thereof, and averred that the former company was a lessee, pendente lite, and claimed that its assignee could acquire no greater rights against her than its assignor had, and alleged, as a further reason why it could acquire no greater rights, that the Carter Coal Co. is only the successor of its assignor, that the stockholders and officers in the two companies were and are the same, and that the only purpose in creating the latter company was to change the name of the former. She further averred that she had no knowledge of the claim of the R. E. Wood Lumber Co. until it filed its answer; that it was a pendente lite purchaser, having purchased the standing timber on the land in controversy, with full knowledge of plaintiff's interest therein; that at the time of said alleged purchase there was pending in McDowell County a suit by Joseph Harrison et als. against said George W. Harman et als., raising the same issues that are involved in plaintiff's present suit, which she avers was consolidated and heard together with her suit. The Harmans, R. E. Wood Lumber Co., the Virginia-Pocahontas Coal Co. and Carter Coal Co. filed their several demurrers and answers to plaintiff's second amended and supplemental bill, the court, on the 29th of October, 1917, overruled their demurrers and plaintiff

replied generally to each of said answers, and the causes were continued.

The consolidated causes were then brought on to be heard together on the 15th of June, 1918, upon the pleadings and exhibits therewith filed, and upon the report of the commissioners filed in the last two of the causes above styled, the decree reciting that the report had been confirmed on the 24th of April, 1916, and the decree now appealed from was entered on said 15th of June, 1918. The court found that plaintiff, Hattie Harrison, is entitled to 13443/191237 part of 1912 37/100 acres, designated by the commissioners on their report and map filed therewith as parcel "B", and appointed commissioners to allot and assign to her the aforesaid proportion of the land aforesaid, by metes and bounds, according to quantity and quality, and authorized them to employ a surveyor and such assistants as he might need, and required them to report their proceedings to the next term of the court, and "further adjudged, ordered and decreed that the said interest of the said Hattie Harrison in the said land so directed to be laid off and assigned to her, be taken and held by her in fee simple, and free from any and all claims of any party to either of the above entitled causes."

The land of which Henry Harrison died seized was an undivided moiety in a tract owned by him and D. G. Sayers jointly, supposed to contain 1600 acres. It had been partitioned between said Sayers and the heirs of Henry Harrison, and found to contain 3200 acres, the western half thereof being assigned to the Harrison children, of whom there were twelve. Six of the adult ones had conveyed their respective interests before the suit was brought by Harman and Sayers against them and Henry Harrison's administrator, and hence, only the interests of the remaining six were sold at the judicial sale. These were purchased by George W. Harman, and of those six children, plaintiff, Hattie Harrison, is the only one contesting the claim of the purchaser. After his purchase, George W. Harman sold an undivided interest to W. F. Harman, and perhaps other interests to others, until now he claims to own but two of the six twelfths which he originally acquired by the commissioner's deed. On the last appeal, 80 W. Va. 68, it was held that Hattie Harrison

had a right to her one twelfth of the Henry Harrison land as against G. W. Harman, the purchaser of the six-twelfths, and as to him this adjudication is final. But since the cause was remanded numerous answers have been filed setting up the claims of others to certain rights or interests in all of the undivided interests so purchased by him, to wit, by the Carter Coal Co. to a coal mining lease, and by the R. E. Wood Lumber Co. to the timber thereon, and although the issues are presented by the pleadings in the manner herein designated, in the various suits which were consolidated and heard together, the court has not directly passed upon any of those adverse claims, and it is not clear from the terms of the decree whether the court intended thereby to pass upon them or not. While the language of the decree, fairly interpreted, would seem to imply that the court meant to decide that the coal lease claimed by the Carter Coal Co., and the R. E. Wood Lumber Co's. claim to the timber were void, so far as they affect plaintiff's interests, yet the decree does not say so in express terms. The Carter Coal Co. denied that it was the mere successor of its assignor, the Virginia-Pocahontas Coal Co. and denied that the officers and stockholders of the two companies were the same. The issue thereby raised is important in determining plaintiff's rights, for if the Carter Coal Co. is not merely the successor of the Virginia-Pocahontas Coal Co., and took an assignment of the lease in good faith, after the dismissal of plaintiff's suit and before she appealed, it may be that its rights in the lease would be protected even as against her. However, we are not deciding this question. We think the court should have expressly decided the issue between the Carter Coal Co. and plaintiff, and also the issue between her and the R. E. Wood Lumber Co., and the issue between it and the Harmans, raised by the cross pleadings between them, before directing plaintiff's interests to be partitioned off to her. The decree for plaintiff, before deciding those issues, and likewise before deciding the question whether or not George W. Harman was entitled to recover from Hattie Harrison any part of the money expended by him in redeeming the Henry Harrison land from forfeiture and in perfecting the title thereto, and, if entitled to recover anything, ascertaining and fixing the amount thereof, was prematurely entered. There-

fore, in the interest of complete justice to all the litigants concerned in the suit, and without passing upon the merits of the case further than was done upon the last appeal, but following numerous precedents, where it is apparent that evidence determinative of the issues exists, we will reverse the decree and remand the cause for the development and decision of the aforementioned issues, and for such further proceedings as may appear to be necessary. *Wildell Lbr. Co.* v. *Turk,* 75 W. Va. 26; *La Belle Iron Works* v. *Savings Bank,* 74 W. Va. 569; *Cook* v. *Lumber Co.,* 74 W. Va. 503; and *Peabody Ins Co.* v. *Wilson et al.,* 29 W. Va. 528.

*Reversed and remanded.*