THOMAS A. HOFFMAN *et al. vs.* WILLIAM H. SHIELDS.

January Term, 1870.

1. It is necessary, in a bill to enforce a judgment lien by a surety, where such surety has paid the judgment, that the original judgment creditors, whose judgment he has paid, be made parties. *Conway* v. *Odbert et al.,* 2 W. Va. Rep., 25.

2. Judgment creditors are necessary parties in proceedings to subject lands, upon which they are liens, to the payment of other judgment liens.

3. An order of publication is given which is held to be insufficient.

This cause came from the circuit court of Taylor county. The bill was filed at July rules, 1864. The complainant sought to sell the real estate of the defendant, Thomas A. Hoffman, on account of having paid to John A. Rightmire and Isaac Carder, the amount of a judgment obtained by them on an injunction bond of the defendant Hoffman, in which the complainant was his surety. Rightmire and Carder were not made parties to the bill. It also failed to make all of the other judgment creditors of Hoffman, some of whom were non residents, parties. The order of publication, which was held insufficient against some of the non resident judgment creditors, was as follows:

"William H. Shields,
       *vs.*          ⎬ In Chancery.
Thomas A. Hoffman, &c. ⎭

"The object of this suit is to enforce the liens of certain judgments named in the bill, and to sell said Hoffman's real

*See page 443.

estate situate in Claysville, in said county. It appears by affidavit that Samuel D. Brady, Wilson Swindler, Bayly Keys, Robert T. Keys, Edwin B. Bradley, Robert W. Kyle, David Kyle, and John B. Martin, are not residents of this State. It is therefore ordered that said absent defendants do appear here in within one month after due publication hereof, and do what may be necessary to protect their interests in this suit. A copy. Teste:          A. ARMSTRONG.

"I, publisher of the 'West Virginia State Journal,' a weekly newspaper published in the town of Grafton, West Virginia, do hereby certify that the notice, of which the annexed is a true copy, has been published in said paper for four consecutive weeks. Witness my hand this 17th day of October, 1864.          J. L. S. HALL."

It is unnecessary to give further statement, as the above comprises all the points decided by this court.

Hoffman appealed to this court.

Hon. John A. Dille, judge of the circuit court of Taylor, presided on the hearing of the cause.

*A. F. Haymond* for the appellants.
*C. Boggess* for the appellee.

MAXWELL, J.  The first ground assigned as error is, that Rightmire and Carder, two of the home defendants, were not served with process, and that the order of publication was not duly executed against the non resident defendants, at the time the decree of the 29th of May, 1865, was rendered. It is objected, however, that Rightmire and Carder were not necessary parties. That they are necessary parties is not an open question. *Conway* v. *Odbert*, 2 W. Va. Rep., 25. And being necessary parties, it was error to proceed to render the decree complained of without having them before the court.

It is also objected that the non residents made parties in the bill were not necessary parties, and therefore it was not

necessary that an order of publication should be executed against them. This court has heretofore held that, judgment creditors are necessary parties in proceedings to subject the lands upon which they have liens, to the payment of other judgment liens; so that this is a settled question so far as this court is concerned. *Snider* v. *Brown and others,* 3 W. Va. Rep., 143. The order of publication does not appear, from the record, to have been properly executed, and no decree should have been rendered.

The decree complained of will have to be reversed, with costs to the appellant, and the cause remanded for further proceedings.

BERKSHIRE, P., concurred.

DECREE REVERSED.