## CHARLESTON.

WILLIS *et al* v. WILLIS *et al.*

Submitted September 7, 1896—Decided Nov. 28, 1896.

1. NEGOTIABLE INSTRUMENTS—INDORSERS.
   Indorsers of a negotiable note, though it be for accommodation of the maker, while all are responsible to its holder, are responsible, as between themselves, in the order of their indorsement, in the absence of an agreement to be bound jointly and equally. Therefore an indorser is liable to a subsequent indorser paying it, but not to a prior one.

2. NEGOTIABLE INSTRUMENTS—INDORSERS—CONTRIBUTION.
   An indorser on a negotiable note is not liable for contribution —like a surety on non-negotiable paper—to a prior indorser, without an agreement to be equally bound.

3. EQUITY PLEADING.
   A bill not alleging ground for relief will be dismissed at the hearing, though there was no demurrer.

4. NEGOTIABLE INSTRUMENTS—LIABILITY OF PARTIES TO NEGOTIABLE INSTRUMENTS.
   Section 11, chapter 99, Code, relates to remedy only, and does not create liability by making liable parties to negotiable instruments not liable under the law relating to such instruments.

JOHN BASSEL and M. M. THOMPSON for appellant, cited 10 W. Va. 470; 22 Wall. 576; 2 Par. N. & B. 29, 561; Byl. Bills, 392; 1 Gratt. 234; 8 Gratt. 4; 9 Wall. 13; 2 Wall. 219; 112 U. S. 139.

J. P. CLIFFORD and EDWIN MAXWELL for appellees, cited Code, c. 99, s. 11.

BRANNON, JUDGE:

H. H. Willis made a negotiable note to Jesse H. Willis, as payee. On its back are found the names of S. O. Kester, J. H. Willis, H. H. Willis, David Slocum, and E. L. Nixon, indorsed in that order. Jesse H. Willis paid it. He made an assignment of his assets to B. B. Stout, as trustee, for the benefit of creditors; and he and Stout, as trustee, brought a chancery suit against Slocum, as the only solvent party, to make Slocum pay half of what Jesse H. Willis had paid in satisfying said note, on the theory of contribution. David Slocum filed an answer, verified by him, averring that he had not indorsed said note, but that the indorsement of his name was a forgery. A decree was pronounced against Slocum for a certain sum allowed Willis, by way of contribution from Slocum, to pay half said note, and Slocum appeals.

At once the legal question arises, has Jesse H. Willis any right to contribution against Slocum? Plainly, taking only this note and its indorsements, Willis is a prior indorser to Slocum on the note, which was an accommodation note for the benefit of H. H. Willis. There is no showing or claim in bill or evidence that there was any agreement between the parties that they should be bound, as between themselves, as sureties, or otherwise than as the paper itself would in law import; and what is that? 1 Daniel, Neg. Inst. § 703, says: "When several persons indorse a bill or negotiable note in succession, the legal effect is to subject them, as to each other, in the order they indorse. The indorsement imports a several and successive, not a joint, obligation, whether the indorsements be made for accommodation, or for value received, unless there be an agreement *aliunde* different from that evidenced by the indorsements. When the successive indorsements are for accommodation of other parties, the indorsers for accommodation may make an agreement to be jointly and equally bound, but whoever asserts such an agreement must prove it. In cases, therefore, in which no such agreement is proved, the indorsers are not bound to contribution amongst themselves, but each and all are liable to those who succeed them." This clear statement is sus-

tained by authority in almost all quarters, including authority binding us. *Hogue* v. *Davis*, 8 Gratt. 4; *Bank* v. *Beirne*, 1 Gratt 265; *Bank* v. *Vanmeter*, 4 Rand. 553; *Shields* v. *Reynolds*, pt. 2, 9 W. Va. 483; *Hoge* v. *Vintroux*, 21 W. Va. 1, pt. 2. It would be different in the case of an ordinary surety on non-negotiable paper. But while an indorser on negotiable paper is, in a sense, surety, as regards payee and maker, he is not as to a prior indorser, for the benefit of that indorser. Edmiston's opinion, *Shields* v. *Reynolds*, 9 W. Va. 487; *Ross* v. *Jones*, 22 Wall. 576. The indorser contracts with indorsers subsequent to himself that if the note is not, when presented, paid by the maker, he (the indorser) will pay it to subsequent holders. *Ross* v. *Jones*, 9 W. Va. 488, cited by Judge Edmiston. Thus, instead of Slocum's being bound in any way to Jesse H. Willis, Willis was bound to Slocum, if he should pay the note, to reimburse him. It can not be said that section 11, chapter 99, Code, changes this. That was not meant to enlarge the liability of parties to negotiable papers. It was not designed to make liable parties not liable under the law merchant. It only declares that parties that are liable may be sued jointly, as indorsers and makers, whereas before they would have to be sued separately. It relates only to the remedy when liability exists. When, under the law, other parties are liable, it allows them to be sued jointly, and judgment taken against all or any. These principles decide the case for Slocum.

But it is said that this defense was not made in the court below. It may be so. It is not presented by demurrer or answer. Now, I think the bill shows on its face a want of equity. It does not show that plaintiff has a right to contribution, and this defense is available, without demurrer, at the hearing in the lower court, or in this Court. Adams, Eq. 331. The bill says that H. H. Willis made the note, and charges that Kester, Slocum, Nixon, and plaintiff Jesse H. Willis indorsed it. The word "indorser," applied to negotiable paper, has a legal meaning. The allegation in this bill that they indorsed the note does not import that they became sureties, as between themselves, nor liable as sureties, but that their only liability was as indorsers. Being thus indorsers, to make Slocum liable to contribution

as claimed by the bill, it must aver that there was an agreement to be liable as sureties, and it does not. Then treat Slocum as an indorser: He would be liable, not for contribution for half, as the bill asks, but for all, the note—not in equity, but at law; and there would be no equity jurisdiction, on this theory of liability. And, moreover, as an indorser is liable only to a subsequent, and not to a prior, indorser if equity had jurisdiction, the bill must show that the parties indorsed in a certain order, else it shows no ground of recovery—no legal demand by plaintiff against defendant. 1 Bart. Ch. Prac. 252. No answer was required to set up this defense, in that view. But say that, as a mere inference, we could say that the bill alleges Slocum to be an indorser, from the fact that he is named before J. H. Willis by the bill in its allegation of indorsement; what then? If this were so, the answer ought to have denied that fact. An answer can set up different defenses, so they be not inconsistent. 1 Bart. Ch. Prac. 391. And it would not be inconsistent with the denial of the indorsement to set up that the alleged indorsement of Slocum was subsequent in order to that of Willis. It would not thus contravene Code, c. 125, s. 20: (1) Because not inconsistent; (2) because that statute was not intended to narrow the equity practice, which tolerated a multiplicity of defenses, but to enlarge it, by abolishing the common-law rule against making several defenses; (3) because this is not technically *non est factum*, but a defense to an unsealed instrument; (4) because I do not think the statute applies to equity at all. But the answer does not make such denial. It therefore does not controvert it. The plaintiff would not be called on to prove it. *Snyder* v. *Martin*, 17 W. Va. 276. But it turns out that the plaintiff's evidence, as well as defendant's, shows that the indorsement of Slocum is subsequent to that of Willis, thus disproving the allegation that Slocum's indorsement was first—indubitably disproving it. Now this proves the plaintiff out of court. Though the answer does not deny, yet a court of equity will not grant relief when the evidence establishes a fact denying relief against a party who, though he has not mentioned that point, yet is resisting all relief. There is a var-

iance between the allegation of the bill, alleging a prior indorsement by Slocum, and the proof, showing a subsequent indorsement, and the fact shown conclusively by evidence constituting the variance is one which turns the case against the plaintiff. There must not be a variance between bill and proof. *Bier* v. *Smith*, 25 W. Va. 830. One can not allege one case and prove another. *Lamb* v. *Laughlin, Id.* 300. Much less can he disprove his own right to relief, and yet get it. But, as above said, the bill is to be interpreted as not stating a prior indorsement by Slocum, and therein fails to show a ground of recovery; and this want of equity, being matter of law, need not have been mentioned in an answer, but would be available on demurrer, or on hearing in the circuit court or this Court. In addition, upon the evidence, we can not say that Slocum's indorsement is genuine. The burden was on the plaintiff to show this, and he has not done so.

We need not here detail or discuss the evidence. Therefore we reverse the decree and dismiss the bill.