# CHARLESTON.

## SCHILB *v.* MOON.

Submitted June 6, 1901.   Decided November 9, 1901.

1. PARTIES TO SUIT—*Judgment Creditor—Substitution.*
   The judgment creditor in a judgment upon a negotiable note must be a party to a suit in equity by a subsequent endorser to enforce substitution to the lien of the judgment against the land of the prior endorser. (p. 49).

2. ENDORSER—*Right of Substitution.*
   A subsequent endorser of a negotiable note who pays a judgment on it in favor of the holder against the maker, a prior endorser and the subsequent endorser, the maker being insolvent, is entitled in equity to substitution to the lien of the judgment against such prior endorser. (p. 49).

3. EQUITY SUBSTITUTION—*Prior Endorser.*
   A subsequent endorser of a negotiable note paying a judgment on it against the maker, a prior endorser and himself, which is a lien on land of the prior endorser, may sue in equity to enforce substitution to the lien of the judgment against the land of the prior endorser, without first getting a judgment at law against the prior endorser for the money paid by him. (p. 51).

Appeal from Circuit Court, Wood County.

Bill by Jacob Schilb against Anna Moon and others. Decree for plaintiff, and G. W. Moon, administrator of Anna Moon, appeals.

*Reversed.*

V. B. ARCHER and WILLIAM BEARD, for appellant.

McCLUER & McCLUER, for appellee.

BRANNON, PRESIDENT:

Sterling made a negotiable promissory note payable to ·G. W. Moon and Anna Moon, which was endorsed first by G. W. Moon, next by Anna Moon, next by Jacob Schilb, next by Wharton and, lastly by Willis to the Second National Bank of Parkersburg, and the bank obtained a judgment on the note in the circuit court of Wood County against all the parties to said note, and Schilb, claiming to have paid off the judgment, filed a bill in said court to be substituted as endorser to the lien of the bank against land of Anna Moon. The case resulted in a personal decree in favor of Schilb against G. W. Moon, Anna Moon and Sterling, and from this decree, Anna Moon, having died, G. W. Moon as her administrator and in his own right took this appeal.

A demurrer to the bill was overruled, and under this head the appellant makes the point that as the bank was not a party to the suit, the decree is erroneous. It occurred to me that as the sheriff's return on the execution shows its satisfaction by Schilb, thus showing its payment by record evidence, that would dispense with the presence of the bank as a party; but this would make it a mere question of the kind of evidence to prove payment. The bank could contest that evidence. The decree in this case would not stop the bank from making Mrs. Moon pay the debt over again. In my effort to sustain the decree it occurred to me that as the commissioner gave notice to lienors to present their liens, that would dispense. with the presence of the bank as a party; but a second thought tells me that such notice would only bar the bank from its lien against that particular land proceeded against in the suit, and would not preclude the bank from claiming payment out of other property of Mrs. Moon—would not protect her generally against the bank. The cases of *Conway* v. *Odbert,* 2 W. Va. 25, and *Huffman* v.

*Shields,* 4 *Id.* 490, say distinctly that it is necessary, in a bill to enforce a judgment lien by a surety paying it against the land of the principal debtor, that the judgment creditor be a party. Safety to the debtor who is sought to be made liable in such case requires that the judgment creditor be made a party. We are compelled to reverse the decree for this cause; but as the parties interested in the merits of the case are before the Court, we will proceed to decide the merits. The appellant claims that there is no right to substitution under the facts of this case. He does not deny that when a surity pays off the debt of a principal, the surity is entitled to be substituted to the lien of the creditor; but he says that an endorser is not a surety as between him and another endorser, and that no right to substitution exists between endorser and endorser. We do not concur in this view. It is very well established that when one surety pays a debt, he can demand contribution of a co-surety, and that he is substituted to the lien in favor of a creditor against the land of his co-surety to enable him to enforce contribution. *Hawker* v. *Moore,* 40 W. Va. 49; 3 Am. & Eng. Dec. in Eq. 177. This substitution is given between co-sureties for the legal liability that exists in favor of one against the other. Why should it not likewise exist in favor of one endorser against another for the enforcement of his legal rights against that other? That liability is not one of contribution, but is a demand by the subsequent endorser against the endorser preceding him for the whole amount of the debt, in the absence of a special agreement otherwise. *Willis* v. *Willis,* 42 W. Va. 522. The creditor's judgment is against both the endorsers, and the law says that when one endorser pays it, the prior endorser shall refund to the subsequent endorser, and why should not that same judgment which bound the land of both in favor of the creditor inure to the benefit of the second endorser, when equity tells us that a surety gets the benefit of the creditor's lien? Let us regard the definition of subrogation or substitution, and we shall find that its principle will warrant, will demand, its application between prior and subsequent endorsers. In *McNeil* v. *Miller,* 29 W. Va. 480, it is held that subrogation is so administered as to secure essential justice without regard to form and independent of any contractural relation between the parties, and it is said that "it is broad enough to include every instance in which one

party pays a debt for which another is primarily answerable, and which, in equity and good conscience, should have been discharged by the latter." This is broad enough to cover the case of endorsers. "Where one has been compelled to pay the debt of another, equity, as far as it can be done without just ground of complaint by others, substitutes him to all the rights and remedies of the creditor against such debtor. * * * * The doctrine is eminently calculated to do exact justice between persons who are bound for the performance of the same duty or obligation, and is one therefore which is much encouraged and protected." *Hawker* v. *Moore,* 40 W. Va. 50. That case says it is administered without technicality. Now, as these two parties were bound by the same judgment for a common obligation to the bank, and as by law Moon was bound to pay the debt to the relief of Schilb, to pay the debt before Schilb, and as Schilb paid Moon's debt, why shall not the judgment stand good to compel Moon to pay Schilb the amount of the lien?

The appellant concedes that Anna Moon is liable to Schilb, if the latter paid the debt; but he says that that liability exists only at law, and not by way of substitution in equity, and that Schilb must first sue at law and get a judgment, and then enforce its lien against Anna Moon's land, and that the remedy is at law, and not in equity on the basis of substitution. This would be so if there were no judgment; but as there is a judgment fixing the liability, why cannot Schilb at once resort to the lien of that judgment by suit in equity. A judgment cannot be otherwise enforced against land. Does not that judgment conclusively and finally, as between all parties to it, establish and fix the existence and amount of the debt? And as the law says that the second endorser shall be relieved from its payment by a prior one, and as that judgment bound the land of the prior endorser, why not allow its lien to be enforced in favor of the subsequent endorser? The case of *Shields and Mahan* v. *Reynolds,* 9 W. Va. 483, is referred to as strongly in favor of the appellant, from some expressions in its drawing lines of discrimination, for some purposes, between co-sureties and co-endorsers; but that case does not militate against the position we take. The point of the case is that a holder of a negotiable note who grants further indulgence to the maker, without the knowledge of endorsers, relieves them from liability. Thus far it

treats them as sureties. The case, in fact, asserts doctrines sustaining us in the statement that "when the endorser pays off the debt, he has a right to proceed at once to collect from prior parties' to the note what he has so paid, and to enforce all the equities of the holder," just as we hold in this case. The case of *Dent* v. *Wait*, 9 W. Va. 41, is referred to by appellant's counsel, but we do not see that it has any application to the case. It simply holds that after judgment against maker and endorser of a promissory negotiable note a forthcoming bond with a new surety in it satisfies the judgment, and that the surety in that forthcoming bond cannot be substituted to the lien of the judgment against the endorser, because the bond satisfied and paid the judgment which bound the endorser. For these reasons we hold that if, in fact, Schilb paid the execution, he is entitled to substitution to the lien of the bank against the land of Anna Moon. The decree is personal only; but as the bill was one for substitution by way of enforcing the judgment against the land, equity has jurisdiction, and the plaintiff would be entitled to both a personal decree against Anna Moon for the debt and its enforcement by a sale of the land, and being properly in a court of equity he could take a decree for less relief than the full measure to which he was entitled. That would be no prejudice to Anna Moon or G. W. Moon. Indeed, there could be a personal decree, and if that proved abortive by way of fruitless execution, the plaintiff could come back for decree against the land, as a party can have several decrees till the full measure of the relief to which the facts under the law entitle him shall be filled. We reverse the decree and remand the case to the circuit court in order that the bank may be made a party, and then for further proceedings in accordance with principles herein stated.

*Reversed.*