## CHARLESTON.

INDIAN REFINING COMPANY *v.* W. E. CHILTON.

Submitted November 1, 1921.   Decided November 8, 1921.

1.   DAMAGES—*Where Plaintiff is Shown Entitled to Nominal Damages, it is Error to Direct Verdict for Defendant.*

Where, upon the trial of an action for damages, the competent evidence shows that the plaintiff is entitled to recover nominal damages, it is error for the court to instruct the jury to find for the defendant.   (p. 483).

2.   APPEAL AND ERROR—*Where Plaintiff is Entitled to Nominal Damages and Procurable Evidence May Show Substantial Damages, Directed Verdict for Defendant Set Aside.*

Where, upon the trial of a suit for damages, the trial court directs the jury to find a verdict for the defendant, when the

competent evidence shows that plaintiff is entitled to recover nominal damages, and it appears in the case that substantial injury has been inflicted resulting in damages amounting to more than one hundred dollars, competent evidence of which was not produced because the plaintiff misjudged the character of the evidence offered, or from some other adventitious cause, and that in all probability competent evidence can be introduced upon another trial to prove such damages, this Court will take jurisdiction to reverse the judgment of the trial court denying the plaintiff any recovery. (p. 484).

Error to Circuit Court, Kanawha County.

Action by the Indian Refining Company against W. E. Chilton in the justice court, and upon appeal to the intermediate court of Kanawha county, a verdict was directed for the defendant, and on appeal therefrom, the circuit court refused to review said judgment, and plaintiff brings error.

*Reversed and remanded.*

*Morgan Owen,* for plaintiff in error.
*Townsend & Bock,* for defendant in error.

RITZ, PRESIDENT:

On a trial of this case in the Intermediate Court of Kanawha County, upon an appeal from the judgment of a justice of the peace, the court struck out the plaintiff's evidence, and directed a verdict for the defendant, which verdict being accordingly returned a judgment of *nil capiat* was rendered thereon. The Circuit Court of Kanawha County refused to review said judgment, and the plaintiff prosecutes this writ of error for that purpose.

The purpose of the suit is to recover for an injury to an automobile truck owned by the plaintiff caused by a collision between said truck and a touring car of the defendant. Upon the trial the plaintiff introduced evidence to show that its truck was being driven east on Kanawha street on the right side thereof when the driver observed the automobile of the defendant coming west on said street at a very high rate of speed, and on the wrong side thereof. Plaintiff's driver testifies that in order to avoid the collision, if it were

possible, he immediately applied his brakes and stopped the truck, but notwithstanding this defendant's automobile ran into the truck, and so injured it that it had to be shoved out of the street to prevent interference with traffic.   This state of facts testified to by the driver is corroborated by other witnesses.   The local manager of the plaintiff then went on the witness stand and testified that the books of the company showed that the sum of $95.36 had been paid by the company for the repairs necessary to the truck, and the sum of $84.00 as rent for another truck to take the place of the injured one while it was being repaired.   He did not know anything about the injury to the truck.   In fact, he knew nothing except that there were entries in the book as above indicated.   The book itself was not produced, nor was there any testimony that these entries were correct and based upon the facts.   The defendant thereupon made a motion to exclude the evidence and direct a verdict in his favor, which motion was sustained, and the judgment complained of rendered upon the verdict so directed.

The plaintiff's contention is that this action of the court in directing a verdict in favor of the defendant was error, for the reason that under the facts proven, and which were not at all denied, it was entitled to recover at least nominal damages, conceding that the evidence as to the cost of the repairs and the amount paid for hiring a truck to take the place of the injured one was not competent.   Manifestly this contention is correct.   The evidence as it stood at the time the motion was made showed a clear right in the plaintiff to recover in the case.   The only difficulty was that there was no competent evidence showing the extent of the injury inflicted and the damages suffered thereby.   This failure, however, did not justify the court in directing a verdict for the defendant.   Plaintiff was entitled to recover at least nominal damages.   If the defendant at this stage of the proceedings had, instead of moving for a directed verdict, rested his case and moved for an instruction to the jury to find for the plaintiff nominal damages, and the jury had so found, and judgment had been entered upon such verdict, there would have been no error.

The defendant contends that even though the plaintiff was entitled to recover nominal damages, this Court cannot review the judgment for this error, for the reason that the jurisdictional amount is not involved. If it appeared in this case that no injury had been done to the plaintiff's truck, and that no more than nominal damages could be recovered in any event, of course this contention would be correct. It must be borne in mind that the plaintiff is seeking to get rid of a manifestly erroneous judgment. What is the amount involved so far as the plaintiff is concerned? It is true that under the competent evidence introduced upon the former trial, only nominal damages could have been recovered, but it is equally evident that a substantial injury was inflicted, and that competent evidence exists as to the extent of this injury, and the amount of damages suffered by the defendant therefrom. The test of the jurisdiction is, what amount will be involved upon a retrial, and if it is apparent that an amount will be involved sufficient to invoke the jurisdiction of this Court, then plaintiff's writ of error will not be dismissed for want of jurisdiction. It sufficiently appears in this case from the evidence of the driver that the truck, as a result of the collision, was so damaged that it would not run, for it is shown that it had to be shoved out of the street to prevent obstruction to traffic. It also appears from the evidence of the local manager that the books of the company show that an amount was paid out by the company for repairs to the truck due to this injury, and as rent for another truck to take its place while it was being repaired, in excess of one hundred dollars. It is quite apparent that competent evidence exists to establish these items, and to properly connect them with the injury done to plaintiff's truck in the collision. Where an erroneous judgment has been entered denying the plaintiff even nominal damages when the evidence clearly warranted the same, this Court will not refuse to take jurisdiction of a writ of error to reverse such erroneous judgment where it appears that the plaintiff in all probability is entitled to recover, if at all, more than one hundred dollars, but by inadvertence, or by misconceiving the nature of the evidence necessary to estab-

lish his rights, failed to properly present the case at the hearing. 1 Sutherland on Damages, § 11; 1 Joyce on Damages, § 79; *Thompson-Houston Electric Co.* v. *The Durant Land Improvement Co.*, 144 N. Y. 34; *Morris* v. *Vulgamott*, 158 Ill. App. 434; *Harman* v. *The Washington Fuel Co.*, 228 Ill. 298.

In this case, however, it appears that the failure to properly present the case to the jury in the first instance was due to the fact that the plaintiff either misconceived the force of the evidence presented by it, or by neglect or inadvertence failed to produce the evidence which it is patent exists, and can be produced. In such case it cannot be said that it substantially prevails in this Court so as to entitle it to recover costs.

We will reverse the judgment complained of, set aside the verdict of the jury, and remand the cause for a new trial.

*Reversed and remanded.*