# CHARLESTON.

FANNIE B. REYNOLDS v. J. M. BEALE, *et als.*

Submitted December 4, 1923.    Decided December 11, 1923.

APPEAL AND ERROR—*Cause Reversed in Part and Affirmed in Part May be Remanded for Further Proceedings When Equities Not Passed on.*

 Where a decree is affirmed in part, and reversed in part upon confessed error, and it appears that there are equities between the parties which have not been determined by the lower court for want of proper pleadings and evidence, the cause will be remanded for further proceedings necessary for the full development of the rights of the parties, and for final decree thereon.

Appeal from Circuit Court, Cabell County.

Suit by Fannie B. Reynolds against J. M. Beale and others. From a decree for plaintiff, defendants appeal.

*Affirmed in part.    Reversed in part.    Remanded.*

*Vinson, Thompson, Meek & Renshaw,* for appellants.
*George S. Wallace,* for appellee.

LIVELY, JUDGE:

 Lavina A. Suiter died testate in 1914, leaving a husband

and four children surviving her. Appellant, J. M. Beale, and appellee, Fannie B. Reynolds, are two of the children, and the litigation is for the purpose of a settlement of her estate and for ascertaining the respective interests therein of these two litigants. Lavina A. Suiter's will, dated August 29, 1914, was duly probated, and directed payment of her debts; the purchase of a monument for her grave lot; made bequests of $300 and $100, respectively, for payment of funeral expenses of her son Robert and of her grand daughter May Martin; directed payment of $100 to each of her other two children, Mrs. M. P. Franklin and Charles Beale; and the remainder of the proceeds of her estate she devised to Fannie B. Reynolds and John M. Beale to share equally. John M. Beale was nominated as sole executor without bond. Beale never qualified as executor but assumed charge of the estate, which consisted of personal property of small value consisting of household goods, clothing and personal effects and a small sum of money; and a house and lot in Guayandotte, Cabell county, worth about $2,000.

In the year 1916, J. F. Holswade, a creditor of the estate, instituted a chancery suit against the executor, the devisees and legatees and against the city of Huntington and town of Guayandotte, municipal corporations, for the purpose of enforcing the collection of his debt. By reference to a commissioner it was ascertained that the funeral expenses, medical services rendered the decedent, and paving liens on the real estate in favor of the municipal corporations amounted to $917.61 as of January 1, 1917. The surviving husband Alex T. Suiter, appeared in the litigation and agreed to accept a gross sum in lieu of his curtesy which was ascertained to be $486.76, and these sums were decreed to be paid out of the estate, and Gene F. Smith was appointed special commissioner for the purpose and made sale of the house and lot for $1,950.00, to J. M. Beale, which he paid in cash. The debts, interest and costs amounted to $1,591.89, and the balance in the hands of the commissioner, $358.11, was directed to be paid over to the executor, which was done. The special commissioner, by direction of the court, deeded the house and lot to Beale. In 1921 Fannie B. Reynolds instituted this suit. She had not been served by direct or substituted

process in the Holswade suit, and was a non-resident of the state. She charges that a prior will made by her mother on the 19th of June, 1914, was her last will and testament, and that the subsequent will on the 29th day of August, 1914, was made at a time when testatrix was mentally incompetent, and that proceedings had been instituted by plaintiff to ascertain which will was the true one. She charges that Beale, the executor, took possession of the personal estate of decedent and has made no accounting therefor, and she asks that all of the decrees entered in the Holswade suit be set aside and annulled, that the deed to Beale by special commissioner, be held invalid as to her and that Beale be required to account to her for the rents received by him from the property after he took possession thereof; and that her bill be treated as a bill of review of the Holswade suit, and for general relief.

Prior to the filing of the bill she had caused the administration of the estate to be placed in the hands of the sheriff, who is made a party. She avers that she is entitled to one-half of the estate after payment of the debts and liens, and says that she is ready, willing and able to pay all indebtedness which may be a lien against the real estate after there has been an accounting of the personal property by the acting executor. She does not, however, make tender of the amounts. Defendant Beale answered the bill, setting up the proceedings in the Holswade suit; denied that his decedent left a large amount of personal property sufficient to pay her debts; alleged that the household goods were claimed by decedent's husband and retained by him; that the furniture in the house not claimed by him was practically valueless; that plaintiff herself had received a part of the personal effects; that the surviving husband had retained possession of the real property until confirmation of the decree of sale in the Holswade suit; that the real estate sold for its value and that he had paid the purchase price therefor in cash and that the probated will was the true will. The evidence relates largely to the disposition of the personal effects of the decedent; and it seems that no finding thereon was carried into the decree. The entire record of the Holswade suit was introduced as evidence by Mrs. Reynolds. The

only other fact developed by the testimony is that Beale after purchasing the property rented it until November 1, 1921, collecting therefor $1,320, out of which he paid taxes and repairs amounting to $603.42, leaving ·a balance of $716.58. The decree sets aside the orders and decrees in the Holswade suit in so far as they effect the plaintiff; sets aside the commissioner's deed made therein and requires Beale to pay to plaintiff $358.29, one-half of the rents received by him between August 20, 1917, and November, 1921, and that he pay to her one-half of the rents collected between that date and the date of the entry of the decree after deducting the proper payments for taxes and up-keep.

An issue raised by the pleadings is whether Beale received money and personal property from the estate for which he did not account. This issue is not decided, the decree being silent thereon.

Another issue is whether plaintiff was entitled to receive any of the rents, issues and profits of the real estate after the death of the testatrix. As heretofore stated, Beale, after he bought the house and lot, received rents amounting to $1,320, out of which he paid taxes and repairs amounting to $603.42, leaving a net balance of $716.58. The decree required him to pay to plaintiff one-half of this sum, $358.29, and one-half of the rents he had collected since November, 1921, up to the date of the decree, after deducting payments for taxes or up-keep. Appellee confesses error in the decree in this particular. In view of the fact that the record shows that testatrix was survived by her husband, who was living at the time the decree was entered, it is conceded by her that she failed to show any legal title to the rents and that, therefore, this assignment of error is well taken. It will be observed that nothing is done by this decree except to set aside the orders and decrees entered in the Holswade suit and annul the deed made by the special commissioner to Beale, in so far as plaintiff is concerned; and makes recovery in plaintiff's favor of one-half of the rents, which recovery is admitted as error. This leaves before us the remaining question of whether it was proper to set aside the orders and decrees in the Holswade suit and to nullify the commissioner's deed. It is not seriously contended that this should not

have been done.  It is not assigned as error.  Mrs. Reynolds
had no notice of the pendency of that suit, and of course, is
not bound by any decree entered therein.   An attempt
was made to show that she had actual notice of the pendency
of the suit, but the evidence is not sufficient.  We think the
decree was right in setting aside these orders and nullifying
the deed.

What other question have we before us?  It is contended
by appellant that after the deed had been set aside so far as
plaintiff below was concerned, there should have been an
accounting between the parties to ascertain if anything was
due from one to the other, by reason of the joint ownership
in the house and lot and the acts of Beale in relation there-
to as executor or as a joint owner.  No accounting was had,
and none was asked for by either party.   The decree does
not prevent that from being done.  The only finality in the
decree is upon the points above set out, that is, nullification
of the orders and decrees in the Holswade suit; setting aside
the deed from the commissioner; and making recovery of
one-half of the rents collected by Beale, up to the time of the
entry of the decree, less taxes and expenses of up-keep.  It
is asserted that one issue is as to which of the two wills was
the proper one.  Beale asserts that ·the will of August 29,
1914, is the true will.  This is assented to by Mrs. Reynolds.
It is true that such an issue was raised by the pleadings, but
the final decree recites that she, through her attorney, re-
quested to make a part of the record an order entered on the
verdict of a jury dated the 27th of May, 1922, at the then
term of court, holding that the will of the 29th of August,
1914, was the last will, which was accordingly done.  Both
parties agree that this issue raised by the pleadings has been
properly determined.

Much of the briefs and arguments go to the question of
whether the court should have directed an accounting between
the parties after the decrees in the Holswade suit and the
commissioner's deed were set aside and annulled.  Appel-
lant Beale contends that having paid liens upon the lot and
debts against the estate, he should have been subrogated
to the rights of these lienors and creditors, and cites as
authority to sustain that proposition: *McNeil* v. *Miller,* 29

W. Va. 480; *Blair* v. *Mounts,* 41 W. Va. 706; and many other
authorities of like import.   He asserts that his defense was
based upon the theory that Mrs. Reynolds was bound by
the proceedings in the Holeswade suit, and that he relied
upon the proceedings therein and his deed to the property
by virtue thereof; and he now says, having failed in that
defense, he should yet be given opportunity to show what
moneys he has paid for the benefit of the estate, dates of the
payments, and what liens were against the real estate in
controversy paid by him.   Appellee answers this contention
to the effect that the issue of subrogation was not raised
by the pleadings, and that his claim of subrogation should
have been set up by cross bill or answer praying for af-
firmative relief; citing *Fuller* v. *O'Neal,* 69 Tex. 349; *Mc-
Maken* v. *Niles,* (Ia.) 60 N. W. 199; *Webb* v. *Bailey,* 41
W. Va. 463; *Hoffman* v. *Shields,* 4 W. Va. 490; and *Schilb* v.
*Moon,* 50 W. Va. 47.   These cases are to the effect that where
subrogation is sought, all parties in interest must be brought
into court and given the right to be heard.   Beale's right to
subrogation to the debts of the lienors and creditors is not
raised in the pleadings, except inferentially.   It appears that
these debts and liens were paid out of the purchase price
paid by him to Smith, special commissioner, who sold the
property.   There is evidence of a very substantial character
that these debts were paid by him, yet the plaintiff, Mrs.
Reynolds, is not bound by the orders and decrees which
have been set aside.   So far as she knows, they have not
been paid.   She has not been given the opportunity to show
that they have not been paid.   The record does not disclose
that Beale asked for a reference to a commissioner or for an
accounting.   No settlement of his executorial acts has been
made in this suit.   The lower court has had no opportunity
to pass upon this claimed right of subrogation; and in the ab-
sence of pleadings and proof this court could not do so.
If the pleadings and proof were sufficient, as is inferentially
claimed, the decree is silent, and the matter is still open
for decision by the lower court.   The case has not been fully
developed.   It is evident that to do justice and equity be-
tween the parties such an accounting should be had upon
proper pleadings for that purpose.   *Harrison* v. *Harman,*

85 W. Va. 538, and cases therein cited; *Indian Refining Co. v. Chilton*, 89 W. Va. 481; *Pauley* v. *Decker*, 89 W. Va. 485; *Hummel* v. *Marshall*, decided this term. *Blue* v. *Blue*, 92 W. Va. 574.

The decree will be affirmed in so far as it decrees the will of Lavina A. Suiter, dated the 29th of August, 1914, as her last will and testament; affirmed in setting aside the orders and decrees in the Holswade suit and the commissioner's deed made therein, so far as they affect Fannie B. Reynolds; and will be reversed upon the error confessed, that is, the recovery of Mrs. Reynolds against Beale for one-half of the rents of the real estate collected by him up to the time of the entry of the decree, less the taxes and expenses of up-keep. The case will be remanded for further proceedings as the rights of the parties may require. Costs will be awarded appellant as the party substantially prevailing.

*Affirmed in part. Reversed in part. Remanded.*