# CHARLESTON.

## IDA M. PRICKETT *v.* CORNELIUS B. FRUM

### (No. 5321.)

Submitted March 9, 1926.   Decided March 23, 1926.

1.  EVIDENCE—*Testimony of Great-grandson, Who Had Studied Family History for Several Years, and Had Prepared Genealogy Based on Family Records and Papers, and Knowledge Obtained From Other Members of Family, Held Admissible As to Names of Great-grandfather's Children and Prima Facie Trustworthy.*

    Where a great-grandson has made a study of his family history for several years and from that study has prepared a genealogy of the family based on family records and papers, and upon knowledge obtained from his deceased uncle and other older members of the family, his evidence as to the names of his great-grandfather's children is admissible and is prima facie trustworthy.   (p. 219.)

    (Evidence, 22 C. J. §§ 240, 244, 318.)

2.  DEEDS—EVIDENCE—*If Description of Land in Deed is Certain and Buttressed by Documentary Evidence, Parol Testimony to Make it Include Another and Distinct Parcel Owned by*

*Grantor Cannot be Used; if Description of Parcel of Land in Deed is Certain and Buttressed by Documentary Evidence, Its Construction is for Court (Code, C. 89, § 4).*

Where the description of a parcel of land in a deed is certain, and buttressed by documentary evidence, parol testimony cannot be used to enlarge the scope of the descriptive words so as to include another and distinct parcel owned by the grantor. In such case the construction of the deed is for the court, and not for the jury. (p. 220.)

(Deeds, 18 C. J. § 232. Evidence, 22 C. J. § 1494.)

3. TAXATION—*Plaintiff in Ejectment, Seeking to Get Benefit of Forfeited Title to Land Under Constitutional Provisions, Must Prove All Necessary Facts to Bring Himself Within One of Three Classes of Persons Entitled Thereto, Including Actual Payment of Taxes as Therein Required; It is Not Sufficient for Plaintiff in Ejectment Seeking Benefit of Forfeited Title to Land Under Constitutional Provisions to Show That he Has Placed Land on Land Books for Required Period, But he Must Prove That. he Has in Fact Paid Taxes (Const. Art. 13, § 3, Code, C. 31, §§ 39, 40, 51).*

Where plaintiff in ejectment seeks to get the benefit of a forfeited title to the land in controversy under the provisions of Sec. 3, Art. 13, Constitution, he must prove all necessary facts to bring himself within one of the three classes of persons therein entitled to such benefit, including actual payment of taxes as therein required. It is not sufficient to show that he has placed the land on the land books for the required period. He must prove that he has in fact paid the taxes. (p. 222.)

HATCHER, JUDGE, absent.

(Taxation, 37 Cyc. p. 1552.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Marion County.

Action by Ida M. Prickett against Cornelius B. Frum, to recover possession of land. Judgment for plaintiff, and defendant brings error.

*Judgment reversed; verdict set aside; new trial awarded.*

*William S. Haymond, Frank C. Haymond,* and *L. C. Musgrave,* for plaintiff in error.

*Henry S. Lively* and *Harry Shaw,* for defendant in error.

LIVELY, JUDGE:

On a directed verdict judgment was rendered in favor of plaintiff below, Ida M. Prickett, against Cornelius B. Frum, defendant below, by which she recovered possession in fee simple from defendant a small tract of land containing 4 acres and 95 rods lying in Winfield District of Marion County, adjoining the lands of J. M. Holmes and others. The judgment was entered March 24, 1924, and Frum prosecutes error.

Plaintiff obtained title to the tract from H. C. DeShields and wife by deed dated October 27, 1909, and connected her title by various deeds with a grant of 400 acres from the Commonwealth of Virginia to Jacob Prickett, Jr., dated June 27, 1796. Defendant says that the chain of title thus sought to be established is not complete because it was not shown by competent evidence that the deeds conveying to one Richard Prickett, a son of Jacob Prickett, Jr., the tract of land of which Jacob Prickett, Jr. died seized, were in fact made by the other heirs of Jacob Prickett, Jr. It appears that Richard Prickett obtained deeds for the land from Jonah and Jacob Prickett, Jacob P. Cumpton and others (heirs of Sarah Cumpton *nee* Prickett), Peter Dragoo and others, William Wyatt and wife, Abraham Prickett and wife and deeds from others conveying to him all their interest in the real estate of Jacob Prickett, Jr., deceased, which deeds were duly recorded prior to the year 1852. Were these grantors of Richard Prickett all of the heirs of Jacob, Jr.? To prove that they were, plaintiff introduced J. M. Prickett, a great grandson of Jacob, and a grandson of Richard, who stated that they were all the heirs of Jacob Jr., basing that assertion upon information obtained by him from the records of the Prickett people, the family papers, and from what had been told him by the "old people". He says he had prepared a genealogy of the Prickett family, working at it over a period of four or five years prior to the date of the trial. The objection to his testimony is that he was incompetent and that his evidence was hearsay. While it is admitted that evidence of pedigree is an exception to the hearsay rule (see 2 Wigmore Evidence Sec. 1486), the criticism is that the witness did not have proper sources of information, and produced no records of the family history. He

relied mainly on a writing which had been prepared by a deceased uncle. We think the evidence was admissible, that the witness was competent to testify, and that his evidence based on family understanding and tradition is prima facie trustworthy. No effort was made to controvert this testimony.

It further appears from plaintiff's chain of title, that DeShields obtained his deed for the land in controversy from Marshall J. Prickett and Ida M. Prickett, his wife (plaintiff), by deed of general warranty dated April 15, 1908, by which the grantors conveyed 41 acres by metes and bounds lying in Winfield District adjoining the lands of J. O. Hartley and others, excepting therefrom the Pittsburgh vein of coal thereunder; and also all of the coal underlying another tract of 76 acres and 10 poles described by metes and bounds, lying in said district; and all of the coal under a 16-acre tract, being the balance of a 92-acre tract then charged on the land books to Marshall J. Prickett and adjoining the 76 acres and 10 perches; and also the 4 acres and 95 rods, more or less (the land in controversy), by metes and bounds, adjoining the lands of J. M. Holmes and others. Then, on October 27, 1909, DeShields deeded back the same lands, excepting some coal sold under the 76 acres and 10 perches tract, to Ida M. Prickett (plaintiff), by metes and bounds of each tract, describing the 4 acre and 95 rods tract as a part of the land conveyed to Mary J. Brock by Josiah W. Prickett. The deed from Josiah W. Prickett to Mary J. Brock was executed April 12, 1886, and conveys to her 47 acres by metes and bounds. On September 17, 1887, Mary J. Brock conveyed to Marshall J. Prickett a part of this 47-acre tract, by metes and bounds, containing 4 acres and 95 rods, more or less, reserving the coal formerly sold. This is the land in controversy. Defendant Frum claims title to this 4 acre and 95 rods tract in this way: Marshall J. Prickett and his wife Ida M. (plaintiff), on August 20, 1904, executed a deed of trust to Hayden, Trustee, on the 76 acre and 10 perches tract, describing it, and on a 16-acre tract on which Marshall and Ida then lived, which is described as being "the residue of all the real estate now owned by the said Marshall J. Prickett and wife in Winfield District, the same being the residue of the ninety-two (92)

acres now charged on the Land Books of Marion County to the said Marshall J. Prickett, the two tracts ·herein conveyed making a total acreage of 92 acres.'' The trustee sold the land conveyed to him, and Cornelius B. Frum (defendant) became the purchaser. A deed was made to him on April 11, 1908, for the land sold, which described the 76 acres and 10 perches by metes and bounds; and described the 16 acres as follows: ''Sixteen acres more or less, on which the said Marshall J. Prickett now resides, the same being the residue of the 92 acres now charged on the land books of Marion County, West Virginia, to the said Marshall J. Prickett, the two tracts of land herein conveyed making a total of 92 acres; excepting and reserving all the coal in and underlying said last named parcel of land,'' &c. Defendant claims that this deed to him based on the deed to the trustee from Prickett includes the 4 acre and 95 rods tract in controversy, wherefore he has title to it. The trial court held that defendant's deed did not embrace the land in controversy. There is no map or survey of the 16 acres. The description locates it in Winfield District, in Marion County, as the residue of a tract of 92 acres. The 92 acres is that which was then charged on the land books to Marshall J. Prickett, and this 16 acres added to the 76 acres and 10 perches makes the stated total of 92 acres. The deed conveys 92 acres; and that acreage is satisfied by the exclusion of the land in controversy; and it is clearly shown that the land in controversy was separated from the 16 acres on which Prickett then resided, by a county road. It will be observed that the land in controversy was deeded to Marshall J. Prickett in 1887 by. Mary J. Brock as a separate tract, by metes and bounds. Marshall J. Prickett did not live on the disputed tract when he executed the trust deed nor when the trustee's deed was made to defendant Frum. Nor was the disputed tract charged to him on the land books at that time. It appeared on the land books as ''4 acres and .95 poles'' in the years 1888, 1889 and 1890; but thereafter up to 1897, there were two tracts assessed to Marshall J. Prickett, one of 51 acres, being a residue of a tract of 109.97 acres, and a 41-acre tract deeded to him by T. T. Prickett; and thereafter these two tracts appear to have been consolidated and were

charged to Marshall J. Prickett as 92 acres. Construing these two deeds (the trust deed and the trustee's deed to defendant, in the light of these facts, the circuit court was justified in holding that the disputed tract was not a part of nor intended to be a part of the 16-acre tract on which Marshall J. Prickett then resided. Frum purchased 92 acres at the trustee's sale, and he got that full acreage. Nor can we see that the unlawful detainer proceedings by which defendant obtained possession of his purchase at the trust deed sale have any relevancy to the issue. The disputed tract was not then in controversy; and even if the possessory right to the 4 acres and 95 poles was involved in that proceeding, it could not affect the legal title of plaintiff in this action of ejectment. *Hukill* v. *Guffey*, 37 W. Va. 425; Code, Chap. 89, Sec. 4. It was not error to reject defendant's deed to the 92 acres from the trustee, the trust deed to Hayden, Trustee, nor was it error to reject the record of the possessory action of Frum v. Prickett. It was the duty of the trial court to construe the effect of the deeds offered, under these well-establishd facts, and not submit the question to the jury. *Mylius* v. *Lumber Co.*, 69 W. Va. 346.

The next point of error is that the court should have set aside the verdict because the title of plaintiff to the tract in dispute had been forfeited to the State for non-entry on the land books for five successive years. For three years after the tract was deeded to Marshall J. Prickett, by metes and bounds, in 1887, by Mary J. Brock, it appeared on the land books and was assessed to Marshall J. Prickett. From 1891 to 1911 the tract was omitted from the land books; for the lands charged to Marshall J. Prickett during these years were other lands (part of the 109.97-acre tract and the 41-acre T. T. Prickett tract), and by operation of law the title became forfeited to and vested in the State. Chap. 31, Sec. 39, Code. But it appears that in the year 1911 the tract was again entered on the land books in the name of DeShields, and continued thereon in his name at the time this suit was instituted in 1922. Plaintiff's counsel admit forfeiture for non-entry, but assert that the title of the State was automatically transferred to DeShields, a person other than those for whose default the land was forfeited, who has title to it regularly

derived mediately or immediately from the Commonwealth of Virginia, and who has paid taxes thereon for five successive years; and DeShields having conveyed the land by metes and bounds to Ida M. Prickett, the plaintiff, she now has the legal title. She claims transfer of the State's title under the forfeiture, as being a person granted such transfer under the second class of persons set out in Sec. 3, Art. 13 of the Constitution and Sec. 40, Chap. 31, Code. Defendant's counsel answer that contention by pointing out that there is no evidence in the record that DeShields, or any one, actually paid the taxes for the years 1911 to 1922, inclusive. To meet this contention plaintiff relies on a presumption of payment of taxes from the fact that the tract continued on the land books in DeShield's name for these years; and reliance is had upon *Wildell Lumber Co.* v. *Turk,* 75 W. Va. 26; 83 S. E. 83, which says there is a presumption against the forfeiture for nonentry and non-payment of taxes, which relieves a plaintiff in a proceeding for vindication of his title from showing payment of taxes until impeaching evidence has been adduced by defendant. In that case the defendant was seeking to establish a forfeiture in plaintiff's title. In the case at bar plaintiff is seeking to establish title by transfer of a title which had been admittedly forfeited to the State; and the Constitution and statute both require affirmative proof of the payment of taxes. Without actual payment of taxes the transfer is denied. The same contention was made in *State* v. *Jackson,* 56 W. Va. 558, and was disposed of by Judge BRANNON, on page 574, in these words: "It is incumbent on one seeking to take the benefit of the forfeiture of another's land under any one of the three classes provided for in article XIII, section 3, of the Constitution, to establish facts which will bring him within one of those classes. He holds the affirmative; he.is claiming title; he claims a grant created by the Constitution, and must prove the facts to give him that grant or transfer. . . . Under either class the claimant must prove payment of taxes for five years. It is argued that as to taxes from 1865 to 1870, no sale appears and that the continuance of the land on the books from year to year within that period affords a presumption of payment. Why so? The land would con-

tinue on the books till sale, though delinquent for any year.''
Point 6 of the syllabus in that case says that payment of
taxes must be proved as required in Sec. 3, Art. 13, of the
Constitution.

When land has been entered on the land books and assessed
for taxes and such land does not appear in the lists of lands
delinquent for non-payment of taxes for that year, upon
proper evidence thereof, in the absence of rebutting evidence,
there is a presumption that such taxes were paid before the
time when such delinquent list was required to be made. Chap.
31A, Sec. 51, Code 1923. There is no evidence that the land
was not on the delinquent lists for the years 1911 to 1922. In
the face of this defect in the evidence, it was error to let the
verdict stand, and the judgment will be reversed for that
reason.

In this state of the evidence shall the verdict be set aside,
the judgment reversed and judgment entered for defendant
non obstante veredicto? A judgment non obstante veredicto
must be based on the merits of the case as disclosed by the
pleadings only. *Holt* v. *Otis Elevator Co.,* 78 W. Va. 785;
*Lumber Co.* v. *Coal Co.,* 83 W. Va. 341. Where a judgment
has been rendered against a plaintiff and it appears that he
has not properly developed his case because of inadvertence
or misconception of the nature of the evidence necessary, and
it is patent that the proper evidence exists and can be pro-
duced, the judgment will usually be set aside in order that he
may upon a new trial protect his rights which are clearly ap-
parent. *Indian Refining Co.* v. *Chilton,* 89 W. Va. 481, and
*Pauley* v. *Decker,* idem, 485. Plaintiff here by relying upon
the presumption of payment of taxes for 1911 to 1922, inclu-
sive, because the land appeared on the land books in
DeShields' name, misconceived the proper and best evidence
required under Sec. 3, Art. 13, Const. On a new trial that
misconception may or may not be met, according to whether
the taxes were in fact paid to the State.

*Verdict set aside; judgment reversed; new trial awarded.*