# CHARLESTON.

## FRAZIER v. BOARD OF CANVASSERS.

Submitted January 11, 1917.    Decided January 16, 1917.

1. ELECTIONS—*Ballots—Counting.*

 The election law governing the canvassing of the returns of elections mandatorily requires that effect be given to the inten-tion of the voter when such intention appears with reasonable cer-tainty from the face of the ballot.    (p. 427).

2. SAME.

 Where a voter in marking his ballot has not selected any one of the tickets in the manner prescribed by law for the selection of a ticket to be voted, or in some other manner indicative of his in-tention so to select a ticket, but declares his intention only by mak-ing crosses in the squares before the names of some of the candi-dates upon said ballot, said ballot can only be counted for the can-dates in the squares before whose names such crosses appear, re-gardless of the position of the names of such candidates upon the ticket.    (p. 427).

3. SAME—*Ballots—Marking.*

 Where a voter in marking his ballot has selected a ticket on said ballot by drawing lines through all of the remaining tickets, and then placed crosses in the squares before the names of some of the candidates upon a ticket through which he has so drawn a line or lines, and cancelled the names of the candidates on the ticket he has so selected opposite the names of those in the squares before whose names he has placed such crosses, the line or lines so drawn through the tickets will be taken simply as a means of selecting the ticket to be voted by him generally, and the crosses in the squares before the names of such candidates on the ticket or tickets through which said lines are drawn, will be given effect, and such ballots counted for such candidates.    (p. 428).

79 W. Va.

4. SAME—*Ballots—Counting*.

> If a voter's intention can be determined that intention will not
> be defeated by the fact that the name of the candidate for whom
> he intends to vote is misspelled, a wrong initial employed, or some
> other or slightly different name of like or similar pronunciation has
> been written, instead of that of the candidate for whom he
> actually intended to vote. (p. 431).

Original petition by James S. Frazier for writ of mandamus against the Board of Canvassers and others.

*Writ denied.*

*Henry S. Cato* and *W. E. R. Byrne,* for petitioner.

*Geo. W. McClintic* and *C. E. Copen,* for respondents.

RITZ, JUDGE:

James S. Frazier and W. E. Somerville were opposing candidates for the office of sheriff of Putnam county at the election held in said county in the month of November, 1916. After the returns of said election had been canvassed a demand was made upon the board of canvassers for a recount of the votes cast at said election for the office of sheriff. This recount was had and the board of canvassers ascertained and declared that W. E. Somerville was elected to the said office. During the progress of the recount Frazier made objection to the action of the board of canvassers in counting certain ballots for Somerville, and in refusing to count certain ballots for himself, and Somerville likewise objected to the action of the board of canvassers in counting certain ballots for Frazier, and in refusing to count certain ballots for him. Frazier now asks for a writ of mandamus to compel the board of canvassers of Putnam county to count these ballots for him which said board refused to count, and to reject certain ballots which were counted for Somerville. Somerville makes return to the writ and claims that the writ should not be awarded because the ballots which Frazier claims should be counted for him, and which were rejected, were properly rejected; and that the ballots which were counted for Somerville, and which Frazier claims should not have been counted, were properly counted; and in addition thereto gives as a

further reason why the writ should not issue that there were certain ballots counted for Frazier by the board of ballot commissioners which should not have been counted, and likewise certain ballots which the board of ballot commissioners refused to count for him which they should have counted. These disputed ballots number twenty-three.

This court in former decisions has fully laid down the rules to be applied by boards of canvassers in interpreting ballots and counting them, and it is only necessary to reiterate those rules and make application of them to the particular ballots in question. This court has held in the case of *Shore* v. *Board of Canvassers,* 64 W. Va. 705, that the intention of the voter must be the guiding star of the board of canvassers in ascertaining for whom a ballot shall be counted. It is there held, and this is but declaratory of the statute law, that if from the ballot it can be determined with reasonable certainty for whom the voter intended to vote, then his ticket or ballot should be counted in accordance with that expressed intention, regardless of the marks used by the voter to express such intention. There are certain methods prescribed by statute which a voter may use for declaring his intention, but these methods are not exclusive. In interpreting these ballots, however, it must be borne in mind that while the intention of the voter must be made effective, if it can be determined by reference to the ballot, still if that intention is so dubiously expressed as to leave it uncertain and doubtful then the ballot must be rejected in the particulars in which such doubt or uncertainty exists.

Certain of the ballots complained of are marked by the voters casting the same only by a cross in the square in front of the names of certain candidates. The voter in these cases has not selected a ticket in any of the ways prescribed by law, to-wit, by placing a cross in the circle under one of the party emblems, or by defacing the tickets other than the one desired to be voted by him, but has contented himself by simply picking out certain candidates upon one or more of the tickets upon the ballot, and by a cross in front of these names indicating how he desires to vote. In some instances a cross is made in the square before the name of the first elector

on the ticket, as well as in the squares in front of the names of other candidates, and it is contended that in those cases in which the voter has placed a cross in the square in front of the name of the first elector upon the ticket that this sufficiently expresses his intention to vote the straight ticket of that party, and that such ticket should be counted for all of the candidates upon the ticket containing the name of such elector. In the determination of this question it must be borne in mind that the statute provides as one of the ways by which a voter can express his intent the placing of crosses in the squares in front of the names of the candidates contained on the ticket, and that when he so expresses his intent his vote will be counted for all the candidates in the squares before whose name he has placed a cross.

In the case of *Shore* v. *Board of Canvassers, supra,* in commenting upon tickets of this character, this court said:

"In some instances, no selection of an entire ticket was made. The voter marked the names of the candidates he desired to vote for wherever he happened to find them on the ballot sheet, and, for some of the offices to be filled, he marked no candidate's name. These ballots were properly counted only for candidates whose names were marked."

The statute also provides that if a voter desires to vote a mixed ticket, that is for candidates of different parties, he may make a cross mark in the blank space before the name of each candidate for whom he desires to vote on whatever ticket the name may be, and no other designation will be necessary for the counting of his vote for such candidate. To count these ballots for any other than the candidate indicated by the voter would extend the voter's intention beyond the point at which the statute sets the limit for the counting of such ballots. We are, therefore, of opinion that all of the ballots marked in this manner are improperly counted for any candidate except those in the squares before whose names the voter placed a cross.

There are among said contested ballots two upon which the voter expressed his primary intent by selecting a ticket, in one instance by drawing lines through the other three tickets on the ballot, and in the other by drawing lines

through the other three tickets, and also by putting a cross in the circle under the party emblem. He then further expressed his intention not to vote for one of the candidates upon the ticket he had thus selected by striking out the name of such candidate, and further expressed an intent to vote for the opposing candidate by putting a cross in the square in front of the name of such opposing candidate. It is contended that in as much as the ticket upon which the candidate's name appears, in the square in front of which the voter put the cross, was marked out by a line drawn all the way through it, that these tickets should not be counted for such candidate. We are of opinion, however, that the marks drawn through the three tickets on the ballot were and are for the purpose of indicating the intention of the voter to vote primarily the ticket not so defaced, and have no other significance, and this declaration to vote for a particular candidate whose name appears upon one of the tickets thus crossed out, by placing a cross in the square in front of the name of such candidate, will override the declaration made by the voter not to vote the entire ticket by drawing the lines through it, and that these ballots should be so counted.

There is one ballot from which the voter erased the name of Somerville as a candidate for sheriff and wrote over the name thus erased the name of "J. E. Frazier". The name of Somerville's opponent is "Jas. S. Frazier". There is no designation by the voter of a ticket he desired to vote, and the question arising is, is the erasure of Somerville's name and the writing of "J. E. Frazier" over it a sufficient expression of the intent of the voter to cast his ballot for the relator. The fact that he scratched out the name of Somerville and inserted another name in its place under the caption "For Sheriff" we think sufficiently expresses an intent to vote for a candidate for that office. The relator was the only other candidate for the office of sheriff and we do not think that the fact that a middle initial was used by the voter different from the middle initial of the relator justifies a conclusion that the voter intended to vote for some one who was not a candidate for the office. This ballot should be counted for the relator.

There are two ballots, upon each of which the voter indicated the selection of the ticket upon which Somerville's name appears as a candidate as the one he desired to vote, but it is contended that these ballots should not be counted for Somerville because in each instance the voter made a cross in the square before a blank under the office of sheriff on the prohibition ticket, there being no Prohibition candidate for that office, and that the same should be counted for Frazier because such cross is opposite his name. The ticket upon which Frazier's name appears is separated from the Prohibition ticket by two heavy black lines, and it is hard to conclude that the voter intended to vote for Frazier by making a cross in the square on another ticket even though there was no candidate for the office of sheriff on that ticket. The intention of the voter, in so far as it can be ascertained with reasonable certainty, must be followed. His selection of the ticket upon which the name of Somerville appears is unequivocal by the making of a cross in the circle under the party emblem. We are unable to say what the voter intended by making the cross in the square before the blank space under the designation of the office of sheriff on another ticket upon which there was no candidate for that office. It does not express an intent to vote for some one else for that office and having, by the selection of the ticket upon which Somerville's name appears, expressed an intent to vote for all the candidates upon that ticket, the same should be counted for Somerville.

There is one ballot upon which the voter drew a straight line through the ticket upon which appears Frazier's name except that there is a break in this line at the point where Frazier's name appears, and there is a cross in the square before the name of Somerville, and two pencil lines drawn through the name of Somerville. The relator claims this ballot should be counted for him and the respondent Somerville likewise claims it. There is no attempt upon the part of the voter to select a ticket. Had he selected a ticket by striking out the three remaining tickets, leaving unerased on one of them only the office of sheriff, and had then cancelled the office of sheriff upon the ticket he had so selected,

we could say that he had voted for the candidate for sheriff upon the ticket upon which his name was left unerased because all of the remaining tickets are entirely cancelled except the one primarily selected by the voter, and upon this one the candidate for sheriff is erased or cancelled. Whether this voter intended to vote for Somerville by placing a cross in the square before his name, notwithstanding the two horizontal lines drawn through the name, or intended to vote for Frazier by failing to draw the line through his name which is drawn through the rest of the ticket upon which his name appears, we are unable to say. It being impossible to discover the intention of the voter with any reasonable certainty this ticket should not be counted for either candidate for sheriff.

In some cases the voter expressed an intent to vote the ticket of either the party on which the name of Somerville or Frazier appeared primarily, and then attempted to vote for the opposing candidate for the office of sheriff by writing the name of such opposing candidate over the name of the candidate appearing on the ticket. It is contended that because the name of the candidate thus written is in some instances misspelled or is not artistically written, that it should not be counted. We are of opinion, as before stated, that in ascertaining for whom a disputed ballot was cast, if the voter's intention is found that intention will not be defeated by the fact that the name of the candidate so intended to be voted for is misspelled, a wrong initial employed, or some other or slightly different name of like or similar pronunciation has been written, instead of that of the candidate actually intended to be voted for. These ballots were, therefore, properly counted by the board of canvassers.

Applying these principles of interpretation to the ballots in dispute in this case we find that the following ballots were correctly interpreted by the board of canvassers, to-wit: ballot No. 1, Buffalo precinct No. 2; ballot No. 1, Buffalo precinct No. 4; ballot No. 1, Poca precinct No. 1; ballot No. 3, Poca precinct No. 1; ballot No. 1, Poca precinct No. 3.; ballot No. 2, Scott precinct No. 3; ballot No. 3, Scott precinct No. 3; ballot No. 1, Union precinct No. 1; ballot No. 1, Union

precinct No. 4; ballot No. 2, Union precinct No. 4, ballot No. 3, Union precinct ·No. 4; ballot No. 4, Union precinct No. 4, and ballot No. 1, Union precinct No. 5; that ballot No. 2, Buffalo precinct No. 2, and ballot No. 1, Scott precinct No. 3, counted by the board of canvassers for Frazier should not have been counted for Frazier, but should be counted for Somerville; that ballot No. 3, Buffalo precinct No. 2; ballot No. 1, Poca precinct No. 2; ballot No. 1, Poca precinct No. 5, and ballot No. 2, Poca precinct No. 1, counted for Somerville by the board of canvassers, should not have been counted for the office of sheriff; that ballot No. 1, Curry precinct No. 2; ballot No. 2, Poca precinct No. 2; ballot No. 4, Scott precinct No. 3, counted by the board of canvassers for Frazier should not have been counted for the office of sheriff; that ballot No. 1, Scott precinct No. 1, not counted by the board of canvassers for the office of sheriff, should have been counted for Frazier.

It will be observed that by treating the disputed ballots in the manner above indicated the majority found by the board of canvassers for Somerville is not adversely affected.. The writ of mandamus prayed for is therefore denied.

*Writ denied.*