STATE *ex rel.* J. C. McKOWN *v.* BOARD OF CANVASSERS OF BERKELEY COUNTY *et al.*

(No. 7560)

Submitted February 16, 1933.   Decided March 28, 1933.

*A. C. McIntire* and *Harry H. Byrer,* for plaintiff in error.
*J. O. Henson,* for defendants in error.

KENNA, JUDGE:

J. C. McKown, the Democratic candidate in the November, 1932, election, for county commissioner of Berkeley County, sought, by mandamus, to compel the Board of Canvassers of that county to declare him elected; and, from the judgment of the circuit court which denied the writ, McKown prosecutes this writ of error, charging that the court erred in counting certain ballots for William M. Johnson, the successful Republican candidate, and in refusing to count certain ballots for McKown. Defendant in error (Johnson) assigns cross-error, charging similar errors as they affect his vote.

The official canvass showed that McKown received 6727 votes and Johnson 6657 votes; but upon a recount, McKown had 6696 votes while Johnson had 6698 votes. The circuit court passed upon each of the challenged ballots, the result of which was that Johnson was shown to have been elected by a majority of two votes, although the court found that the board of canvassers had erred in passing on various ballots.

The writ of error and the cross-assignment of error bring before this court the review of the lower court's holdings on thirty ballots, exclusive of three conceded by plaintiff in error.

Ballot 7, Martinsburg District, Ward 2, Precinct 2, was marked with an X in the circle at the head of the Democratic ticket, and an X in the boxes before the names of various candidates on both tickets. A horizontal line is drawn through McKown's name as well as through certain other Democratic candidates, and an X which had been marked in the box before Johnson's name was erased. The circuit court was of the opinion that by his act of erasure, the voter did not intend to vote for Johnson; and we concur in that conclusion. Ballot 8, Mill Creek District, Precinct 2, has an X in the circle at the head of the Democratic ticket and an X in the boxes before the names of various candidates on the Democratic ticket. The voter had placed an X in the box before McKown's name but had subsequently erased the mark, thus indicating that he did not desire to vote for McKown. The circuit court was correct in refusing to count this vote for McKown. Had there been no erasure, the ballot would be counted for McKown. The intention of the voter, when ascertainable, is "the guiding star" in determining for whom a ballot shall be counted. *Frazier* v. *Board,* 79 W. Va. 425, 92 S. E. 99. See *Hatfield* v. *Board,* 98 W. Va. 41, 52, 126 S. E. 708, "City Hall No. 12".

Ballot 7, Precinct 2, Mill Creek District, has an X in the circle under the Democratic emblem and an X before various candidates on the Democratic ticket. The name of McKown has a heavy horizontal line marked through it. The voter had placed an X before the name of H. E. Johnson, Republican candidate for assessor, as well as before the Republican candidate for House of Delegates. It appears also from the ballot that the voter had placed a mark before the name of Johnson for commissioner and had thereafter erased the mark. The court correctly decided that this was not a vote for Johnson. *Frazier* v. *Board, supra.*

Ballot 2, Precinct 4, Opequon District, has an X in the circle under the Republican emblem and an X in front of the names of various candidates on the Republican ticket. An X before the name of Johnson is partially erased and the voter placed an X before the name of McKown, as well as various other

Democratic candidates. This is correctly a vote for McKown as decided by the trial court, as clearly evidencing the voter's intention. *Frazier* v. *Board, supra.*

Ballot No. 4, Precinct 4, Opequon District, has an X in the circle under the Republican emblem and an X before the name of the Republican candidate for treasurer. There is no mark in front of Johnson, but an X is placed before the name of McKown, as well as certain other Democratic candidates. The lower court correctly counted this as a vote for McKown.

Four ballots—Arden District, Ballots 4, 5, 6 and 7, Precinct 3—are marked as follows: An X appears in front of each of the names of the presidential electors on the Republican ticket. There are no other marks on the Republican ticket, except the name of the Republican candidate for sheriff, is marked out. On three of the ballots, in the Democratic column, an X was placed before the name of Gardner, candidate for sheriff. On the fourth ballot, in addition to the marks above detailed, the voter had scratched out the only Republican candidate for justice and had voted for the two Democratic candidates for justice. The lower court correctly held that these four ballots, should not be counted for Johnson. *Lambert* v. *Board,* 106 W. Va. 544, 547, 146 S. E. 378.

The circuit court counted for McKown the ballot designated as "Ward 3, Precinct 4, Absent Voter", which the voter marked with an X in the circle under the Democratic emblem. The envelope which contains the ballot bears the signature of "(Mrs.) Helen B. Beauregard". The petition for the writ (in the circuit court) avers that the name of Mrs. Louis Beauregard appeared on the registration books, that (Mrs.) Helen B. Beauregard and Mrs. Louis Beauregard are one and the same person, which fact was known to the Board of Canvassers. The return does not deny this fact, but avers that respondent does not know the name of voter's husband and "that no person is registered in said precinct of the name signed to the affidavit of said ballot." This vote was properly counted for McKown.

There is a group of seven ballots which may be considered together under the authority of *Shore* v. *Board,* 64 W. Va. 705, 708, 63 S. E. 389, 390, wherein it is stated: "In some cases the voter placed cross marks in all the circles but one or crossed

out the headings of all tickets but one, or defaced all but one by lines drawn from top to bottom or partially through them; and, in one case, the voter covered all the tickets but one with a large X. These were sufficient indications of intent to select the ticket unmarked." Ballot 1, Falling Waters District, Precinct 1, has an X in the circle of the four tickets exclusive of the Republican ticket. The lower court correctly held that this was a vote for Johnson. Ballot 1, Falling Waters District, Precinct 3; Ballot 2, Ward 4, Precinct 1, and Ballot 2, Ward 1, Precinct 3, Martinsburg District, each has an X in the circle under the Democratic emblem as well as an X in the circle under the Prohibition emblem. The latter ticket had no candidates for the state, senatorial, county or district tickets. These were correctly counted as votes for McKown. Ballot 4, Ward 1, Precinct 3, and Ballot 1, Ward 3, Precinct 3, each has an X in the circle under the Republican emblem, as well as an X in the circle under the Prohibition emblem. These were correctly counted for Johnson. Ballot 1, Ward 5, Precinct 2, has an X in the circles under each of the tickets printed on the ballot, except the Democratic ticket. This ballot was correctly counted for McKown.

Ballot 11, Ward 3, Precinct 4, has an X marked through the names of the candidates for president and vice-president of each of the several tickets on the ballot, except the Republican ticket. The voter failed to make any mark before the names of the Republican candidates for president, vice-president, or the electors; but other Republican candidates are marked with an X, except those for state senator, circuit clerk, surveyor, county commissioner and one candidate for justice of the peace. The voter then placed in the Democratic column an X before the names of the candidates for circuit clerk, surveyor, and one candidate for justice of the peace. The lower court counted this ballot for Johnson on the theory that by marking out the other four tickets, the voter expressed his intention to vote the Republican ticket just as definitely as though he had put an X in the circle under the Republican emblem; and having so designated his ticket, the court must disregard and treat as surplusage any of the marks in the squares before the names of the candidates on the Republican

ticket. We think this is a vote for Johnson. See *Shore* v. *Board*, 64 W. Va. 705, 708, 63 S. E. 389.

Ballot 1, Precinct 1, Hedgesville District, has a horizontal line in the circle under the Democratic emblem and an X in front of the name of Gardner, the Democratic candidate for sheriff. There is no X in front of McKown's name, and there is no other marking on the ballot. The circuit court counted this ballot for McKown. Ballot 6, Precinct 3, Ward 1, Martinsburg District, has a horizontal line across the circle under the Republican emblem. There are X marks in front of the names of certain candidates on the Republican ticket. No mark appears in front of Johnson's name and there are no other marks on the ballot. The circuit court counted this ballot for Johnson. Ballot No. 4, Precinct 3, Ward 2, Martinsburg District, is marked with a horizontal line across the circle under the Republican emblem. An X was placed to the left of Herbert Hoover's name on the Republican ticket, and the voter placed an X in the boxes to the left of certain names of candidates on the Republican ticket, but no X had been marked before Johnson's name. This was counted as a vote for Johnson. Chapter 3-5-19B (3) provides, in part: "If, in marking either a straight or mixed ticket, as above defined, an X mark is made in the circular space above the name of a party at the head of the ticket, and also one or more X marks made before the name or names of candidates on the same ticket for offices for which candidates on other party tickets are not individually marked, such marks before the names of candidates on the ticket so marked shall be treated as surplusage and ignored." The horizontal line in the circle was a sufficient indication of the voter's choice of ticket. *Shore* v. *Board, supra.* In the last ballot described above, it is the horizontal line which distinguishes the ballot from "City Hall No. 9" in the *Hatfield* case, *supra,* cited by plaintiff in error. The circuit court was correct in its count of these three ballots.

Ballot No. 1, Precinct 3, Mill Creek District, has a small X at the top of the Democratic ticket between the emblem and the circle and has an X in front of the names of the Republican candidates for the legislature and the Republican candidates for board of education. No other marks appear on the ticket. This ballot was counted for McKown. Ballot

No. 2, Precinct 4, Ward 3, Martinsburg District, has an X to the right of the name of Herbert Hoover, the Republican presidential candidate. The only other mark on the ballot is an X before the name of one of the Democratic candidates for House of Delegates. This ballot was considered as a vote for Johnson. This court, in *State* v. *Board,* 106 W. Va. 544, 548, 146 S. E. 378, stated the rule to be that an X before the name of the presidential nominee indicates a straight ticket, providing no other candidates are voted for on the same ticket to negative such intent. Under this decision, the circuit court was correct in its decision on Ballot 1, Precinct 3, Mill Creek District, and Ballot 2, Ward 3, Precinct 4, Martinsburg District.

Ballot No. 7, Precinct 3, Ward 1, Martinsburg District, has a small X mark below and to the right of the circle under the Democratic emblem, and X marks were placed in the boxes of the Democratic candidates for governor, sheriff and constable, as well as before the names of the two Republican candidates for the legislature. This vote was properly counted for McKown. *Lambert* v. *Board,* 106 W. Va. 544, 548, 146 S. E. 378, Ballot 3, Precinct 8, Beaver District.

Ballot 1, Precinct 1, Ward 4, has a straight line drawn from the top to the bottom of the Republican ticket, except for a slight break in the line just above the name of the candidate for supreme court judge. This ballot was correctly counted for McKown. Though aware of the ruling on "Rockhouse No. 2" in *Hatfield* v. *Board,* 98 W. Va. 41, 51, 126 S. E. 708, we adhere to this court's finding on Ballot 2, Cabin Creek District, Precinct 14, in *Johnson* v. *Board,* 102 W. Va. 703, 715, 136 S. E. 772, a later case. Ballot No. 2, Precinct 1, Falling Waters District, has a straight line from the top of the Republican ticket down to the name of the Republican candidate for sheriff, whose name is skipped, and the straight line then continued through the balance of the Republican ticket to the bottom thereof. The voter placed an X in front of the name of the Democratic candidate for sheriff; and by doing so, the voter clearly evinced his intention of voting for no one on the Democratic ticket except for sheriff; and since it is presumed that a voter intends to vote for every office, we conclude that the ballot was properly counted for Johnson.

The lower court counted for McKown Ballot 3, Ward 1, Precinct 3, Martinsburg District. In the circle under the Democratic emblem, the voter placed three marks forming a double X, and then placed a mark which began at the top of the circle in the left portion thereof, and continued toward the right in an oblique direction through the names of the candidates on the Democratic national ticket, and then returning to a position just to the right of the circle, the voter drew a line therefrom in an oblique manner to the left of the ballot, thus forming an X through the names of the candidates on the national ticket. This ballot was properly counted for McKown.

The court counted for Johnson Ballot 1, Precinct 6, Hedgesville District, which showed an X placed across the Democratic emblem. The only other mark on the ballot appears in front of the name of the candidate for member of board of education on the Republican ticket. The ruling of the circuit court is based on Ballot 1, City of Charleston, Precinct 28, in *Johnson* v. *Board,* 102 W. Va. 703, 716, 136 S. E. 772, in which ballot the rooster at the head of the Democratic ticket was "marked out by heavy pencil marks" and counted for the Republican candidate for state senator. Presumably, these marks were to obliterate, whereas, in the instant case, the marking is that of a voting X. This should have been counted for McKown.

McKown charges that Ballots 2 and 3, Arden District, Precinct 2, should both be counted for him. Evidence adduced before the circuit court shows that Edward Hickman and Elsie Hickman, his wife, were registered voters. Both appeared at the polls, marked straight Democratic ballots, and Mrs. Hickman's ballot was placed in the ballot box. A verbal challenge was made to their voting, and Hickman's ballot, together with a ballot marked as a straight Democratic ticket by an unidentified but qualified voter, was placed in an envelope and held by one of the election officers. The ballot of the unidentified voter was withheld from the ballot box in lieu of the one cast by Mrs. Hickman. Subsequent to the attempted voting, Hickman appeared and requested that the ballots marked by him and his wife be destroyed. The circuit court was of the opinion that Mrs. Hickman's vote was properly counted, since her

ballot as that of a qualified voter was cast, that the ballot of the unidentified voter should have been cast and counted for McKown, but that Hickman had a right to demand the return of his ballot, since it was not placed in the ballot box; and therefore his vote should not have been counted. The opinion of this court is that these results are correct.

McKown charged that the Board of Canvassers arbitrarily refused a recount of the vote in Martinsburg District, Ward 2, Precinct 2, known as the "John Street School". It appears from the pleadings that two recounts of these votes were made, that on the first, Johnson was credited with 282 votes and McKown 296, while the second recount gave Johnson an increase of two votes, McKown's vote remaining the same. Two weeks after the second recount, McKown moved for another recount, which was properly denied. *England* v. *Board,* 102 W. Va. 696, 136 S. E. 266.

Plaintiff, in his brief, concedes the correctness of the circuit court's ruling on Ballot 1, Ward 1, Precinct 2, Ballot 1, Ward 5, Precinct 1, and Ballot 1, Ward 1, Precinct 3.

It is thus seen that the circuit court erred only in its ruling on Ballot 1, Precinct 6, Hedgesville District. Even upon a correct tabulation of this ballot, resulting in a tie vote, McKown would not be entitled to the relief sought by his petition for writ of mandamus; and therefore it is the court's opinion that the circuit court did not err in refusing to award the writ.

The ballots are to be counted by the Board of Canvassers in accord with the result arrived at herein.

*Affirmed.*